[No. 9,194. Department One. —February 13, 1884.]

LUCY GILLMORE, RESPONDENT, *v.* THE AMERICAN CENTRAL INSURANCE COMPANY, APPELLANT.

JUDGMENT— WHEN FINAL—MOTION FOR NEW TRIAL—APPEAL. — While proceedings are pending for the review of a judgment, either on appeal or motion for a new trial, the judgment is not a final determination of the rights of the parties, although it may have become final for the purpose of an appeal.

ID. — JUDGMENT ON STIPULATION — PREMATURE ENTRY. — A judgment pursuant to a stipulation authorizing its entry upon a final judgment being obtained in another action, cannot be entered during the pendency of a motion for a new trial in the latter action.

TRIAL ON THE MERITS — MOTION FOR JUDGMENT ON STIPULATION — NEW TRIAL. — A motion for a judgment pursuant to a stipulation is not a trial of the case upon the merits. If a party to such stipulation is entitled to judgment, it is upon the stipulation, and not upon a trial of the cause. A motion for new trial in such case is irregular, and should be dismissed.

APPEAL from a judgment of the Superior Court of the county of Los Angeles, from an order refusing a new trial, and from an order denying a motion to vacate a judgment entered in favor of the plaintiff.

The facts appear in the opinion of the court.

*Gardiner & Stephenson, T. C. Van Ness,* and *Gray & Haven,* for Appellant.

*Brunson & Wells,* for Respondent.

McKEE, J. — Pending two actions in the Seventeenth Judicial District Court of Los Angeles County, one of which was entitled *Lucy Gillmore* v. *The Lycoming Fire Insurance Company of Muncy, Pennsylvania,* and the other, *Lucy Gillmore* v. *The American Central Insurance Company of St. Louis,* each of which was brought upon a policy of insurance to recover for loss by fire, the attorneys of the respective parties, in the last-named action, entered into the following stipulation, which was filed and entered upon the court minutes as an order of the court, viz.: —

"This cause being called regularly for trial, the parties appearing by their respective attorneys, and both parties consenting in open court that the issues in this cause are identical with those of the other action pending in this court, No. 4,799, entitled *Lucy Gillmore* v. *The Lycoming Fire Insurance Company of Muncy, Pa.*

"It is stipulated and agreed that all proceedings herein shall be stayed until final judgment and decision in said action wherein the Lycoming Fire Insurance Company of Muncy, Pa., is defendant, and in case of an appeal in said last-named action, then said proceedings are stayed until the final determination of such appeal, and upon such final determination, judgment, and

decision in said action wherein said The Lycoming, etc., is defendant, either party, without notice, shall and may cause to be entered a judgment in this action corresponding to and like the said final judgment, and of the same date in said other action; and if such judgment shall be for the plaintiff, the amount for which the same shall be entered shall be six hundred and fifty dollars and costs; and if for the defendant, then for its costs allowed by law.

"An order pursuant to this stipulation shall be entered in the minutes of this court, 12th May, 1879."

The action named in the stipulation was tried and decided in favor of the plaintiff, but the defendant moved to set aside the judgment entered therein, and for a new trial. The motion was denied; and from the judgment and order denying the motion the defendant appealed. On appeal, the judgment and order were reversed and the cause remanded, with directions to the court below to sustain the demurrer to the complaint in the action, with leave to the plaintiff to amend.

In obedience to the direction of the appellate court the demurrer to the complaint was sustained; the plaintiff amended her complaint, and the cause was again tried and decided in favor of the plaintiff, and judgment was entered in her favor against the defendant on March 14, 1881. A year elapsed and no appeal from the judgment was taken. Then the attorneys for the plaintiff in this action, in which the stipulation was filed, moved the court to enter judgment in favor of the plaintiff, pursuant to the stipulation; and the court on the 17th of March, 1882, rendered and entered judgment accordingly.

The present appeal is from this judgment, and also from an order denying a motion to vacate it. There is also an appeal from an order denying a motion for a new trial.

It is contended that the judgment in the action of *Lucy Gillmore* v. *The Lycoming Insurance Company of Muncy, Pa.*, became final, within the meaning of the stipulation, after a year had elapsed from its entry without taking an appeal from it.

But although no appeal had been taken from the judgment within the statutory time, proceedings were pending, upon a motion made by the defendant in the case, to vacate the judgment and grant a new trial. That motion subjected the judgment to be

reviewed, and made it liable to be set aside. The judgment was therefore not final, in the sense of the stipulation as to the right of the parties affected by it, and could not become so until the motion for a new trial had been disposed of. (*Hill* v. *Sherwood*, 33 Cal. 474.)

While proceedings are pending for the review of a judgment, either on appeal or motion for a new trial, the litigation on the merits of the case between the parties is not ended; and until litigation on the merits is ended, there is no finality to the judgment, in the sense of a final determination of the rights of the parties, although it may have become final for the purpose of an appeal from it.

As, therefore, the motion for a new trial in the Lycoming Insurance Company case was not heard and determined until more than nine months after the entry of the judgment appealed from, the judgment was prematurely entered.

If *now* no appeal has been taken from the order denying the motion for a new trial, in consequence of which the order has become absolute and the judgment final, the reversal of the judgment prematurely entered on the stipulation will not prejudice the right to move for judgment pursuant to the stipulation.

A motion for judgment pursuant to stipulation cannot be considered a trial on the merits. If a party to such stipulation is entitled to judgment, it is upon the stipulation which has been entered as an order of the court, and not upon a trial of the case. The motion for a new trial was therefore irregular, and should have been dismissed.

Judgment and order reversed and cause remanded for further proceedings.

MYRICK, J., and McKINSTRY, J., concurred.