same time we are of the opinion that plaintiff is entitled to the information he seeks, and is entitled to it to enable him to prepare for trial. He is bound to make out his case. and he cannot do so unless he knows the sales, the terms, the receipts, and the expenses. He can obtain this information by an examination before trial of the appropriate officer of the company, and upon said examination he can have the books produced upon a subpœna duces tecum to enable said officer to testify accurately."

And in Brewster v. F. G. Brewster Co., 127 App. Div. 729, 111 N. Y. Supp. 1026, this court said:

"The order is very sweeping in its terms, and we think was unauthorized. It would be much better practice for the plaintiffs to examine the officers of the corporation and thus ascertain what books or accounts were kept which might tend to prove an agreement of equal control or a course of dealing tending to show that such an agreement existed, and what books or accounts throw light upon the alleged unauthorized issue of stock, and then obtain an order for the inspection of such books as are shown to be material."

We are of the opinion that no necessity has been shown to warrant the sweeping order appealed from. If the plaintiff does not know what particular books and papers contain the information which he is entitled to, he may examine the defendant by its appropriate officer to obtain such information, and then he may apply for a limited order for discovery and inspection, or he may adopt the method approved in the Harbaugh Case, supra. It should be noted that the defendant has offered to furnish an itemized statement of plaintiff's account during his employment. That, however, is no answer to the plaintiff's demand, for he is entitled to original evidence, and is not to be limited to such as the defendant may choose to pick out and submit.

The order appealed from should therefore be reversed, but without costs, and without prejudice to an application to be made for either form of relief as indicated. All concur.

---

GENNERT et al. v. BUTTERICK PUB. CO., Limited, et al.

(Supreme Court, Appellate Division, First Department, June 18, 1909.)

1. TRIAL (§ 403*)—GRANTING OF REQUESTED FINDINGS—INCORPORATION IN DECISION.

　　Where a requested finding is granted, it stands as one of the findings of fact in the case, though it is not incorporated in the decision of the court.

　　[Ed. Note.—For other cases, see Trial, Dec. Dig. § 403.*]

2. APPEAL AND ERROR (§ 108*)—APPEALABLE ORDER—UNNECESSARY ORDERS.

　　As a formal incorporation of a granted request for findings into the decision is unnecessary, an order making such incorporation does no harm and is not appealable.

　　[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 108.*]

3. JUDGMENT (§ 305*)—MODIFICATION—CONFORMITY TO FINDINGS.

　　Where a material finding of fact was overlooked in rendering the judgment, the court may modify the judgment to conform to such findings.

　　[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 596–597; Dec. Dig. § 305.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. COSTS (§ 13\*)—DISCRETION OF COURT—AMENDMENT OF AWARD OF COSTS.

> In an equitable action the costs are within the discretion of the court, and, when the court has exercised its discretion by awarding costs, it cannot afterward amend its decision by withdrawing them.

> [Ed. Note.—For other cases, see Costs, Cent. Dig. § 21; Dec. Dig. § 13.\*]

> McLaughlin and Clarke, JJ., dissenting.

Appeal from Trial Term, New York County.

Action by William O. Gennert, individually and with Henry G. Gennert and others, as trustees for Emily G. Macks and Helen L. Gennert, against the Butterick Publishing Company, Limited, and the Carey Printing Company. From an order resettling and modifying the judgment and decision after the time to appeal had expired, plaintiffs appeal. Reversed in part, and affirmed in part.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Charles Blandy, for appellants.
James B. Sheehan, for respondents.

SCOTT, J. Appeal by defendant from an order amending the decision and judgment.

The action is in equity, to restrain the operation of certain printing presses, and for incidental damages. The justice before whom the action was tried rendered his decision in favor of plaintiff against the defendant Carey Printing Company, and on June 30, 1908, signed a decision containing findings of fact and conclusions of law. One of his findings of fact was that the actual damages sustained to plaintiff's freehold was the sum of $1,491.85. He accordingly found as a conclusion of law that plaintiff was entitled to a money judgment against the Carey Printing Company (in addition to injunctive relief) for the actual damages of $1,491.85 and costs. A judgment was entered accordingly. At the same time the justice found, at the request of the defendant-respondent:

"That on the resumption of the trial of this action (which had been suspended for certain experiments) the plaintiff waived any right to any damages."

This finding was not incorporated into the formal decision, but, notwithstanding that fact, stands as one of the findings of fact in the case as if it had been incorporated in the decision. Bremer v. Manhattan Ry. Co., 191 N. Y. 333, 84 N. E. 59. Taking the two findings of fact together, the decision of the court was that, while the plaintiff had suffered damages to the extent of $1,491.85, it had waived any right to that or any damage. It is apparent that, upon these findings, the conclusions of law that the plaintiff was entitled to a judgment for the damages found was inconsistent, and that the judgment for such damages was also inconsistent, and the only possible conclusion is that the direction for such judgment was, as the justice says in a memorandum, inadvertent, and one which resulted from overlooking the waiver and the specific finding relating thereto. On this state of the record

this court, if the judgment had been appealed from, would have been constrained to modify the judgment by striking out the provision for a recovery of the damages.   Instead of appealing, the plaintiff moved before the trial justice to amend and resettle the decision and judgment.   This motion was granted, and the following amendments were made:  (1) The finding that the plaintiff had waived any damages was inserted in the formal decision.   (2) The dismissal as to the defendant Butterick Company was made "upon the merits," whereas originally it had been a mere dismissal without costs.   (3) The conclusion of law that the plaintiff was entitled to a money judgment for its damages, and so much of the judgment as provided for a recovery of said damages, was stricken out.   (4) The award of costs to plaintiff was stricken out.   The incorporation into the formal decision of the finding as to the waiver of damages, while unnecessary, did no harm and gives no ground for appeal.   Bremer v. Man. Ry. Co., supra. The dismissal of the complaint as against the Butterick Company "on the merits" does not appear to be seriously objected to.   The real controversy in the case arises over so much of the amendment of the decision and decree as deprives plaintiff of its judgment for damages. The rule is very well settled that while the court, after judgment, may not alter its decision upon the merits, so as to affect the substantial rights of a party, yet it has a general and incidental power to grant an amendment which is in the line of correcting a mistake, or of supplying any omission obviously due to an oversight by the trial judge. Bohlen v. Met. El. Ry. Co., 121 N. Y. 546, 24 N. E. 932.   A case somewhat similar to the present case is Morrison v. Met. El. Ry. Co., 60 App. Div. 180, 70 N. Y. Supp. 65, in which the trial justice had inadvertently awarded fee and rental damages for "the premises described in the complaint."   The premises as thus described included a lot off the line of the street through which the railway ran, and as to this lot the plaintiff's counsel upon the trial had disclaimed any right to recover damages.   The trial justice had intended to award damages only as to the lots upon the street affected by the railway, although his decision, literally read, included the premises off that street.   Upon his attention being called to this obvious oversight, he corrected it by amending the decision and judgment by inserting the words "known as Nos. 719 and 721 Sixth avenue," in place of the words "described in the complaint," whenever they occurred.   The order making this amendment was affirmed.   In Starbuck v. Starbuck, 62 App. Div. 437, 71 N. Y. Supp. 104, an order was affirmed amending a decision by striking out findings which had been inadvertently inserted which were based upon evidence which had been rejected.   The conclusions of law and the judgment must find their basis in the facts, and, when the facts as found absolutely preclude the recovery of a money judgment, an inadvertent direction for such a judgment may properly be eliminated by amendment.   This is not a case wherein the justice has reconsidered either his findings of fact or his conclusion as to the law applicable thereto.   If it were, the record could not be amended by him after judgment.   It is simply a case of obvious and inadvertent oversight. The amendment affects no substantial right of plaintiff, because after a waiver of damages it had no right to a judgment therefor.   On the

record before us, we must accept as true the finding relative to the waiver. In the respects indicated, therefore, we think that the order was justified and should be affirmed. The order was erroneous, however, in so far as it struck out the award of costs to the plaintiff as against the Carey Printing Company. In an equitable action the costs are within the discretion of the trial court, and, when that court has once exercised its discretion by awarding costs, it cannot afterwards amend its decision and judgment by withholding them. Kiernan v. Agricultural Ins. Co., 3 App. Div. 26, 37 N. Y. Supp. 1070.

The order appealed from must therefore be reversed in so far as it amends the decision and judgment by striking out the award of costs to plaintiff, and otherwise affirmed, without costs in this court to either party.

INGRAHAM and LAUGHLIN, JJ., concur. McLAUGHLIN and CLARKE, JJ., dissent.