TAYLOR v. NEW YORK LIFE INS. CO.

(Supreme Court, Appellate Division, Fourth Department. January 17, 1912.)

1. INSURANCE (§ 367*)—CONSTRUCTION OF CONTRACT—PAYMENT OF PREMIUMS —EXTENDED INSURANCE.

Laws 1892, c. 690, § 88, provides that the insured may have his policy extended from the date it lapsed for such length of time as the reserve on such policy will purchase temporary insurance, after deducting from the reserve any indebtedness of insured on account of premiums due. A policy issued December 20, 1895, referred to Laws 1892, c. 690, and provided that the policy would be continued for its full amount until October 20, 1906, if the premiums were paid to December 20, 1898. The insured paid the premiums in cash to December 20, 1897, and on December 20, 1898, paid $76 on account of the fourth annual premium, and gave his note for six months for the balance; the note stating that it was given in part payment of a premium due, with the understanding that all claims to further insurance which full payment in cash of the premium would have secured should become immediately void if the note was not paid at maturity, except as otherwise provided in the policy itself. When this note became due, another $76 was paid, and the note

of insured for $152, the balance of the premium, was given, which was not paid when due, or ever paid. The insured died October 21, 1906. *Held*, that the partial payments of cash on the premium created additional reserve sufficient to purchase extended insurance for the entire amount of the policy for several months beyond the death of insured.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 367.*]

2. APPEAL AND ERROR (§ 1194*)—MANDATE AND PROCEEDINGS IN LOWER COURT —SCOPE OF DECISION.

On the first trial of an action on two policies of insurance, the court rendered a written memorandum of decision to the effect that there could be no recovery on one of the policies, but the judgment, as entered, did not conform to the decision in this respect, nor was any motion to correct it ever made, and the Court of Appeals wholly reversed the judgment as entered. *Held* that, on a new trial, the plaintiff was not barred from recovering on both policies set out in the complaint.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1194.*]

3. APPEAL AND ERROR (§ 878*)—PARTY ENTITLED TO OBJECT—WAIVER.

Where defendant has not appealed from a judgment of Special Term dismissing plaintiff's complaint as to one of two insurance policies, it is not in a position to attack the finding of the court below that plaintiff was not barred from recovering thereon.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3573–3580; Dec. Dig. § 878.*]

4. COSTS (§ 237*)—RIGHT TO COSTS—PREVAILING OR SUCCESSFUL PARTY.

Under Code Civ. Proc. § 3234, which entitles plaintiff and defendant to costs against each other, where each has succeeded as to one of the issues made by a complaint, an order awarding costs against plaintiff to defendant prevailing on one issue falls with an order reversing that part of the judgment.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 906, 929; Dec. Dig. § 237.*]

5. COSTS (§ 243*)—NEW TRIAL—COSTS ON APPEAL TO ABIDE EVENT.

Where the Court of Appeals on a former appeal has reversed a judgment for plaintiff, and granted a new trial leaving costs of the former trial, and appeal to abide the event, and plaintiff prevails in a new trial, defendant is not entitled to tax the costs of the former trial and appeal.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 938; Dec. Dig. § 243.*]

Robson, J., dissenting.

Appeal from Trial Term, Onondaga County.

Action by Emma A. Taylor, as executrix of Royal A. Johnson, deceased, against the New York Life Insurance Company. From the part of a judgment of the Supreme Court at Trial Term dismissing the complaint on the merits, and from an order amending the judgment by directing that costs of the trial below be awarded to defendant and offset against the amount of plaintiff's judgment, plaintiff appeals; and from so much of an order amending the judgment as denied its motion for costs of a former trial defendant appeals. Judgment so far as appealed from by plaintiff reversed, and a new trial granted, and that part of the order amending the judgment by directing taxation of costs of the trial below in favor of the defendant reversed.

See, also, 131 App. Div. 922, 115 N. Y. Supp. 1146; 197 N. Y. 324, 90 N. E. 964.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The judgment as originally entered provided that the plaintiff, as executrix, etc., recover of the defendant the sum of $998.72, the amount directed by the court on policy No. 709,974, which will hereafter be called No. 4, set up in the first count of the complaint, together with costs, amounting to the sum of $427.73, amounting in all to the sum of $1,480.45, and that the plaintiff have execution therefor, and that the complaint of the plaintiff as to policy No. 3, set up in the second count of the complaint, "be, and the same hereby is, dismissed upon the merits." By a subsequent order of the court, duly entered, said judgment was modified to the extent of providing that the costs of the second trial of this action be also awarded to the defendant, and directed that the amount of the same should be offset against the recovery of the plaintiff.

The action was commenced on November 8, 1907, and was brought to recover on two policies of insurance on the life of Royal A. Johnson, deceased. The action was first tried in June, 1908, before the court and a jury, and a verdict was directed in favor of the plaintiff in the sum of $4,856.92 upon policy No. 4. Judgment was entered thereon in the Onondaga county clerk's office June 23, 1908, in favor of the plaintiff and against the defendant for that amount. Upon appeal by the defendant from such judgment, this court affirmed said judgment, with costs. 131 App. Div. 922, 115 N. Y. Supp. 1146. From such judgment an appeal was taken to the Court of Appeals, which resulted in a reversal, with costs to abide event. 197 N. Y. 324, 90 N. E. 964. The second trial was had before the court; a jury having been waived. The trial justice rendered a decision containing findings of fact and conclusions of law, and directed judgment in favor of the plaintiff and against the defendant in the sum of $788.82, with interest from June 20, 1906, upon policy No. 4, set up in the first count of the complaint, and dismissing the complaint as to policy No. 3, set up in the second count of the complaint. Thereafter a motion was made as to the costs which should be allowed to the respective parties, which will be considered later.

Argued before McLENNAN, P. J., and SPRING, KRUSE, ROBSON, and FOOTE, JJ.

Charles E. Spencer, for plaintiff.
Jerome L. Cheney, for defendant.

McLENNAN, P. J. On the 20th day of December, 1895, the defendant issued to plaintiff's testator, Royal A. Johnson, two policies of life insurance, each for the sum of $5,000, numbered 709,973 and 709,974, respectively. Except as to number, the policies were identical in terms, and the annual premium on each was $304. The policies each contained provisions as follows:

"This policy cannot be forfeited after it shall have been in force three full years as hereinafter provided.

"First: If any premium subsequently due is not paid as hereinbefore provided, this policy will be continued for its full amount as provided in the table below, subject to the conditions of this policy, but without further payment of premiums, and without loans, participation in surplus and premiums return; or

"Second: If any premium subsequently due is not paid as hereinbefore provided, this policy will be indorsed for the reduced amount of paid up insurance provided in the table below, if demand is made therefor with surrender of this policy within six months thereafter, subject to the conditions of this policy, but without further payment of premiums, and without loans, participation in surplus and premiums return."

The table therein referred to is part of each of the policies, and is headed:

"Table of Guarantees, if payment of premiums is discontinued. Provided there is no indebtedness against this policy. (Pursuant to the insurance law [chapter 690, Laws 1892] of the state of New York.)"

It provides that the policy will be continued for its full amount of $5,000 until October 20, 1906, if the premiums are paid thereon to December 20, 1898, and until June 20, 1911, if the premiums are paid thereon until December 20, 1899. It also provides that the policy will be indorsed as in the policy provided for $1,000 of paid-up insurance if the premiums are paid to December 20, 1898, and for $1,333 of paid-up insurance if the premiums are paid to December 20, 1899. The testator paid the premiums on both policies in cash for 1895, 1896, and 1897, and on December 20, 1898, instead of paying the premiums in cash, he gave the defendant a note for $304, the premium due on policy No. 4. He paid the defendant $76 in cash on account of the fourth annual premium on policy No. 3, and gave the defendant his note for the balance, $228, of which the following is a copy:

"Pol. 709973.                                    Tucson, Arizona, 12/20/1898.

"Without grace, six months after date I promise to pay to the order of the New York Life Insurance Company, two hundred and twenty-eight and no/100 dollars, at Phœnix National Bank, Phœnix, Arizona, value received, with interest at the rate of five per cent. per annum.

"This note is given in part payment of the premium due Dec. 20th, 1898, on the above policy, with the understanding that all claims to further insurance, and all benefits whatever, which full payment in cash of said premium would have secured, shall become immediately void and be forfeited to the New York Life Insurance Company, if this note is not paid at maturity, except as otherwise provided in the policy itself.

                    "Royal A. Johnson, P. O. Address, Tucson, Arizona.

"$228."

The defendant in return delivered its receipt for the fourth annual payment on policy No. 3. On June 20, 1899, when the note last above mentioned became due, the insured paid the defendant the further sum of $76 in cash on account of the annual premium, and gave the defendant a new note for three months for $152, the balance of the premium, the interest in each case having been paid in advance. The new note, except as to date and amount, was identical in terms with the one above quoted. On September 20, 1899, when this note became due, it was not paid, and was never paid, and the insured never paid any subsequent premiums on policy No. 3. No demand was ever made upon the defendant that policy No. 3 be indorsed for a reduced amount of paid-up insurance, and therefore, under the forfeiture provisions, the policy was entitled to be continued for its full amount as provided therein.

[1] The important question presented by this appeal is whether or not the plaintiff is entitled to recover under policy No. 3. The Court of Appeals has passed upon the question of plaintiff's right to recover on policy No. 4, and, unless the facts as to policy No. 3 are different than the facts before the Court of Appeals as regards policy No. 4, the decision of this case must follow the decision of the Court of Appeals upon the other policy. I am, however, of the opinion that the facts in this case entitle the plaintiff to recover upon policy No. 3. Upon the former trial the trial court held that the note given for the payment of the premium on policy No. 4 was a payment of the premium due December 20, 1898, and did not con-

stitute an indebtedness against the policy, and for that reason that the plaintiff was entitled to recover the full amount, less the amount of the note. The Court of Appeals, however, held that it did constitute an indebtedness against the policy in the nature of an unpaid premium, as referred to in the statute. Laws 1892, c. 680, § 88. It there appeared that the reserve to the credit of policy 4, after deducting the amount of the indebtedness against it, being the amount of the note on which nothing had been paid, was sufficient to purchase extended insurance only to the 20th day of October, 1906. The insured died on October 21, 1906, and the Court of Appeals, therefore, held that the plaintiff was not entitled to recover the full amount of the policy. The defendant, however, was willing to pay to the plaintiff the amount of paid-up insurance purchaseable by the reserve, amounting to $788, and on this trial the court has given the plaintiff judgment for that amount on policy No. 4. Under the decision of the Court of Appeals and upon the pleadings in the action, we think this is right as to policy No. 4.

Under the statutes (Laws 1892, c. 680, § 88) the insured was entitled to have his policy extended for the full amount from the date it lapsed for such length of time as the reserve on such policy, taken as a single premium, at the age of the insured at the time of the lapse or forfeiture, would purchase temporary insurance for that amount, after deducting from the reserve any indebtedness of the insured on account of any premium due. It is urged by the defendant, however, that, by the terms of the note given in part payment of the premium on policy No. 3, the insured waived all his rights to any further or extended insurance whatever. We cannot concur in that proposition. The note, above quoted, expressly reserves to the insured all such rights as are contained in the policy itself. The policy purported to give to the insured the benefit of extended insurance as required by the statute above referred to. The insured was not entitled to have his note considered as no indebtedness against the policy, but such note did constitute an indebtedness to be deducted from the reserve, computed according to the statute. The table of extended insurance given in the policy is stated in the policy to be pursuant to the insurance law of this state, and the chapter of the law is definitely referred to. The note reserves to the insured the benefit of the nonforfeiture provisions of the policy itself. It seems to us, therefore, that, upon nonpayment of the note, the insured was entitled to have his policy automatically extended for the term purchaseable by the reserve, upon computation made as provided in the statute referred to.

As above stated, the reserve on policy No. 3 after the payment of the three annual premiums was only sufficient to extend the policy to October 20, 1906, but as we have seen, the insured had paid the defendant $152 in cash and given his note for the balance of $152, which the defendant accepted as payment for the fourth annual premium. So that the insured was entitled to have the computation of extended insurance made upon the basis of the reserve on the policy after the payment of four annual premiums, less the amount of any indebtedness against the policy by reason of any unpaid premium.

The only indebtedness of that nature was the note of $152. The evidence given on this trial shows conclusively that such reserve was sufficient to purchase insurance extending several months beyond the death of the insured for the full amount of the policy. We think this is entirely in harmony with the decision of the Court of Appeals as to policy No. 4. The Court of Appeals in its opinion says (197 N. Y. 330, 90 N. E. 966):

"The defendant placed at the head of the table the words 'Provided there is no indebtedness against this policy,' and expressly referred to the statute, and we are of the opinion that the word 'indebtedness,' as there used, was intended to include any indebtedness against the insured in favor of the insurer in all respects the same as it is intended when used in the statute as quoted. The intention of the parties to the contract was to comply with the statute of 1892. The time that the insurance would be extended or the amount of the paid-up insurance was definitely fixed and determined in the policy in all cases where it was possible to so fix and determine the time or amount in advance. In all cases of indebtedness the continued or paid-up insurance was dependent upon the amount of the indebtedness. The fact of an indebtedness to the defendant did not forfeit the right to continued or paid-up insurance, but simply left the time of the extension or the amount of the paid-up insurance dependent upon a computation to be made when the amount of the indebtedness was determined. It appears by the record that the time for which the insurance could be extended when computed as the statute is construed by us expired prior to the death of the insured, and the plaintiff is, therefore, not entitled to recover the full amount of the policy."

As before stated, policy No. 4, there under consideration by the Court of Appeals, was identical in its terms with policy No. 3, and we can see no reason why the insured by the payment of $152 in cash upon the fourth annual premium on policy No. 3 did not increase the reserve on the policy sufficiently to buy one day additional of extended insurance.

[2] The respondent urged below, and argues here, that the plaintiff is barred from any recovery on policy No. 3 because of the fact that on the first trial the court rendered a written memorandum of decision to the effect that there could be no recovery on policy No. 3. The judgment as entered, however, did not conform to the decision in this respect. No motion to correct it was ever made, and the Court of Appeals wholly reversed the judgment that was entered. We think the trial court was right in holding that the plaintiff was not barred on the new trial from recovering on both policies set upon in the complaint.

[3] In any event, the defendant has not appealed from the judgment under review, and so is not in a position to attack the finding of the court in that respect.

It follows that the judgment so far as appealed from should be reversed, and a new trial granted as to plaintiff's right to recover under policy No. 709,973, set up in the second count of the complaint, with costs to appellant to abide the event. That part of the judgment which directs that the plaintiff recover of the defendant the sum of $788.82 is not appealed from by either the plaintiff or the defendant.

[4, 5] As to the order amending the judgment as to costs, from which both parties appeal, we are of the opinion that the trial court

was right in holding that, if the plaintiff is to succeed as to one count in the complaint and the defendant is to succeed as to the other, both parties should be entitled to tax the costs of this trial (section 3234, Code of Civil Procedure), but that the defendant was not entitled to tax the costs of the former trial and appeals; the Court of Appeals having left those costs to abide the event. But, as our conclusions lead us to a reversal of that part of the judgment as to which the defendant succeeded in the court below, that part of the order appealed from which allows the defendant costs of this trial must fall with the judgment. As both parties appealed from the order, no costs should be allowed on the reversal of that part of the order.

That part of the judgment appealed from which dismisses the plaintiff's complaint as to policy No. 709,973 is reversed, and a new trial granted as to that policy, on questions of law and fact, with costs to appellant to abide event. That part of the order appealed from which awards to defendant costs of the second trial is reversed, without costs. All concur, except ROBSON, J., who dissents.