[Civ. No. 6542.   First Appellate District, Division One.—August 22, 1929.]

ANITA CHRISTAL PURDY, Respondent, v. ROBERT F. JOHNSON et al., Appellants.

C. F. Lacey for Appellants.

Houghton & Houghton and Edward T. Houghton for Respondent.

THE COURT.—This appeal is from an order modifying a judgment theretofore made and entered in accordance with the direction of this court (*Purdy* v. *Johnson,* 78 Cal. App. 310 [248 Pac. 764]), and is the third appeal in this case.

Appellants urge two questions: The first has reference to the trial costs allowed plaintiff, amounting to $905.30, and the other to charging defendants with interest upon certain annual balances due plaintiff.

The action involves an accounting of a trust created by the last will and testament of Alberto Trescony, deceased. At the first trial a balance of $8,996.17 was found in favor of defendant trustees, but upon appeal by plaintiff this judgment was reversed. (*Purdy* v. *Johnson,* 174 Cal. 521 [163 Pac. 893].) At the second trial, a balance of $10,981.74 was found in favor of plaintiff, for which she was given judgment, including her costs of both trials, amounting to the sum of $905.30. Upon defendants' appeal this judgment was modified, and the trial court was directed to cast a new account to include items which had been rejected, and affecting interest charges against the trustees, and with this modification the judgment was affirmed. Upon the recasting of the account and allowing the rejected items, the trial court found a balance in favor of the defendants in the sum of $2,473.30. In view of this new balance being in favor of defendants, they moved the court to take up and rule on the matter of trial costs, that is to say, whether either party should recover costs or that the costs should be apportioned. The trial court denied this motion upon the ground that under the decision of this court, it was without jurisdiction.

■ Costs are allowances which are authorized to reimburse the successful party to an action or proceeding and are in the nature of incidental damages to indemnify a party against the expense of successfully asserting his rights. "The theory upon which they are allowed to a plaintiff is that the default of the defendant made it necessary to sue him; and to a defendant, that the plaintiff sued him without cause. Thus the party to blame pays costs to the party without fault. . . . While costs are frequently allowed to both parties, or to many parties, payable out of a fund, 'the general rule is that the successful party, although he may be denied costs, never pays them.' " (*Stevens* v. *Central Nat. Bank of Boston,* 168 N. Y. 560 [61 N. E. 904, 906].)

Here, while this court directed the trial court to strike a new account in which the trustees be credited with the $2,500 item expended by them for the support and maintenance of the beneficiaries; that the trustees be allowed a reasonable sum for their compensation in accordance with equitable principles and that simple interest only be charged against them for the amount, if any, found to be due the

plaintiff. With this modification it was ordered that the judgment stand affirmed, upon the trial court recasting the account as directed and finding the balance was in favor of the appellant trustees instead of in favor of respondent, the judgment in effect became a reversal of the former judgment, and if a reversal, clearly appellants cannot be required to pay to respondent her costs.

Respondent contends that a court of equity has not authority, once having exercised its discretion in the matter of awarding costs, to later amend its judgment so as to withhold costs, and it must be held that where a judgment carrying costs has been appealed from and affirmed with certain modifications ordered, which in no manner concern or affect the judgment for costs, the trial court is without power or authority, when the case is remanded for modification in accordance with the decision of the appellate court, to modify the provisions of its own judgment awarding costs.

The precise point here presented appears to be one of first impression in this state. It is true that in *Stevens* v. *Central Nat. Bank of Boston, supra,* it is said: "The plaintiffs, for instance, having recovered the costs of the last appeal to the general term by a judgment which has not been disturbed in that respect, cannot be deprived of their right to those costs; for the judgment is an adjudication that they were entitled to the costs of that court, and that the defendants were not. So long as the judgment stands, it is conclusive upon the question. An award of the same costs to the defendants would, in effect, deprive the plaintiffs of the benefit of their judgment without their consent. . . . If a new trial had been granted by the federal court, or if there were no judgments for costs in favor of the plaintiff, standing undisturbed by the action of the various appellate courts through which they have passed, a different question would be presented; but, with those judgments in force, we think the special term had no power to award the costs under consideration to the defendants." There the mandate of the Supreme Court of the United States makes its opinion a part of the judgment, and, as said by the court of appeals of New York, "both the mandate and the opinion must be read together, in order to learn what the court did. When thus read, it is clear that the judgments of the state

courts were left undisturbed in substance, and reversed or modified only to the extent of striking out the injunction and the order of reference, both of which were incidental to the main relief granted.'' It is likewise true that in *Gennert* v. *Butterick Pub. Co. Ltd. et al.,* 133 App. Div. 86 [117 N. Y. Supp. 801, 803], the court says: ''The rule is very well settled that while the court, after judgment, may not alter its decision upon the merits, so as to affect the substantial rights of a party, yet it has a general and incidental power to grant an amendment which is in the line of correcting a mistake, or of supplying any omission obviously due to an oversight by the trial judge. . . . The order was erroneous, however, in so far as it struck out the award of costs to the plaintiff as against the Carey Printing Company. In an equitable action the costs are within the discretion of the trial court, and, when that court has once exercised its discretion by awarding costs, it cannot afterwards amend its decision and judgment by withholding them. *Kiernan* v. *Agricultural Ins. Co.,* 3 App. Div. 26 [37 N. Y. Supp. 1070].'' In that case the action was brought to restrain the operation of certain printing-presses and for incidental damages. One of the court's findings of fact was that the actual damages sustained to plaintiff's freehold was $1491.85, and judgment was awarded for actual damages in that sum, in addition to injunctive relief. At the same time the court found, at the request of defendant, ''that on the resumption of the trial (which was suspended for certain experiments) the plaintiff waived any right to any damages.'' Instead of appealing, the plaintiff moved before the trial court to amend the decision and judgment, which motion was granted and a finding that the plaintiff had waived any damages was inserted in the former decision and the award of costs to plaintiff was stricken out. It will be seen that in neither of these cases were costs assessed against the prevailing party or the party finally determined to be without fault, but against the party at fault, the modification of the judgments being merely incidental to the relief granted.

In the present case, had a formal reversal been ordered upon the last appeal, there can be no question but that the matter of trial costs would have been set at large. [3] Costs upon appeal are merely incidental to the judgment

appealed from (*McCallian* v. *Hibernia etc. Society,* 98 Cal. 442, 445 [33 Pac. 329]), and an order awarding costs falls with a reversal of that part of the judgment upon which it is based (*Taylor* v. *New York Life Ins. Co.,* 148 App. Div. 815 [133 N. Y. Supp. 746]). With reference to the matter of trial costs, we fail to see wherein lies the difference between the formal reversal of a judgment, and a modification of such judgment which results in casting the balance on the other side. The judgment for trial costs necessarily rested upon the balance originally found in plaintiff's favor, and falls with a reversal of the judgment, or with what, in effect, is the same thing, a modification which results in a new judgment showing a balance against the plaintiff.

A judgment is not a final determination of the rights of the parties pending an appeal (*Estate of Ricks,* 160 Cal. 467 [117 Pac. 539]; *People* v. *Bank of San Luis Obispo,* 159 Cal. 65 [Ann. Cas. 1912B, 1148, 37 L. R. A. (N. S.) 934, 112 Pac. 866]), and an action is deemed pending while an appeal from the judgment is pending (Code Civ. Proc., sec. 1049; *Gillmore* v. *American C. I. Co.,* 65 Cal. 63 [2 Pac. 882]) and we think when it was made to appear upon a recasting of the account, as directed by this court, that defendants and not plaintiff were the prevailing parties, the court had the power, and it was its duty, to relieve defendants, if they were without fault, of the costs assessed against them, as the successful party is never required to pay the costs incurred by the unsuccessful party. (*Couch* v. *Millard,* 41 Hun (N. Y.), 212, 215; *Stevens* v. *Central Nat. Bank of Boston, supra.*) We find nothing in *Whiting* v. *Squeglia,* 70 Cal. App. 108 [232 Pac. 986], nor in *Silva* v. *Angelo,* 52 Cal. App. 75 [198 Pac. 56], cited by respondent, contrary to this conclusion. The Whiting case was one in claim and delivery, brought to recover possession of an automobile. Defendant in the action answered the complaint and by stipulation filed a cross-complaint alleging fraud in the sale of the car on a conditional sales contract, and the judgment went for defendant on his cross-complaint. The court held that the trial court did not err in striking plaintiff's cost bill from the files and awarding costs to defendant, although the judgment, which was entered in favor of defendant, was to the effect that he was entitled to retain possession of the automobile until he was paid $3,500, with his costs;

that while the judgment apparently runs in favor of the plaintiff, the substantial result of the judgment was a victory for defendant. The Silva case merely follows the section of the code, holding that as the judgment for plaintiff was for the sum of $538.85 such judgment carried costs as a matter "of course," which means as a matter of right.

Respondent urges that appellants cannot recover costs, they not having filed a cost bill as required by section 1033 of the Code of Civil Procedure. While this is true, it may be said that appellants are not claiming that they are entitled to costs, but merely ask to be relieved of the costs assessed against them.

The controversy over the question of interest involves but $60.30, being the aggregate of the following three interest items: "Nov. 30, 1894, Interest on $1663.55, balance favor Anita Christal Purdy as of March 9, 1894, less $1000— $663.35 for 8 months and 22 days, $33.81; Nov. 30, 1895, Interest on $1179.63, balance favor Anita Christal Purdy as of Nov. 30, 1894, less $1000 for 1 year, $12.57; Nov. 30, 1903, Interest on $1198.79, balance favor Anita Christal Purdy as of Nov. 30, 1902, less $1000 for 1 year, $13.92." The $1,000 for which interest was not allowed being an amount the court found the trustees were justified in retaining in their hands to meet current expenses. The *remittitur* issued out of this court directed "that simple interest only be charged against them (the trustees) for the amount, if any, found to be due the plaintiff." Appellants contend that this language was intended to refer only to any balance found to be due the plaintiff at the end of the accounting period, January 1, 1909, that is, the final balance, and was not meant to apply to intermediate balances. We do not so interpret this language of the former opinion. Furthermore, as suggested by counsel for respondent, appellants' asserted interpretation of this clause of the former opinion would, if applied, deprive them of interest on the annual balances in the account as restated in their favor, aggregating $997.62, and which have been credited to them in that account.

It is pointed out by appellants that this court in the former opinion stated that the $1,000, which was permitted to be retained by the trustees for current expenses, was "entirely inadequate for a number of years there is no

question." This statement as to the original account is correct, but such is not the case with respect to the new account struck by the ·trial court in obedience to the *remittitur*. At no time during the entire period covered by this accounting do the disbursements exceed the receipts by the sum of $1,000. The account, as recast for the years 1894, 1895 and 1902—the only years in which interest is charged against the trustees—shows that at only one time was that figure closely approached, and that in only one month during those three years did disbursements exceed receipts by more than $500. This demonstrates that the allowance of a deduction of $1,000 from the annual balances in favor of the beneficiary upon recasting the account was sufficient and adequate to cover current expenses, and that the court did not err in charging defendants interest upon the balances in excess thereof. We are, however, of the opinion that as the recasting of the account, as directed by this court, changed the successful party in the litigation from the plaintiff to the defendants and is, therefore, equivalent to a reversal, and as the judgment was not a final determination of the rights of the parties until the termination of the appeal, nor thereafter until it was modified in accordance with the *remittitur* issued out of this court, that the trial court had authority to consider the matter of costs.

The judgment appealed from must, therefore, be reversed in so far as it awards costs to plaintiff, and otherwise affirmed, without costs in this court to either party, and the cause is remanded with direction to the trial court to exercise its discretion in the allowance of costs as provided in the statute.