Filed 5/29/14  Clayworth v. Abbott Laboratories CA1/4
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| JAMES R. CLAYWORTH et al.,<br><br>    Plaintiffs and Appellants,<br><br>v.<br><br>ABBOTT LABORATORIES et al.,<br><br>    Defendants and Respondents. | A132527<br><br>(Alameda County<br>Super. Ct. No. RG04172428) |

Appellants are a group of retail pharmacies who sued various drug companies for state antitrust violations.  They make two claims in this appeal.  First, they argue that the drug companies, which ultimately prevailed in the litigation, should not have been awarded their costs because an earlier motion for summary judgment filed by the drug companies was granted below but reversed on appeal.  Second, they claim—for the third time in the Court of Appeal—that a motion they filed to disqualify a trial judge was improperly denied.  Their arguments are without merit, and we affirm.

I.
FACTUAL AND PROCEDURAL
BACKGROUND

The factual background of this case has been summarized in three previous opinions:  two by Division Two of this court and one by the California Supreme Court.  (*Clayworth v. Pfizer, Inc.* (2008) previously published at 165 Cal.App.4th 209 (*Clayworth I*), review granted Nov. 19, 1008, opn. ordered nonpub., and revd. in *Clayworth v. Pfizer, Inc.* (2010) 49 Cal.4th 758 (*Clayworth II*); *Clayworth v. Pfizer, Inc.*

1

(Aug. 22, 2012, A131804 [nonpub. opn.] (*Clayworth III*).)[1]  We recount here only the facts that are relevant to the narrow issues in this appeal.

The pharmacies filed this suit against the drug companies[2] alleging that they conspired to fix prices to reap a higher profit from the sale of drugs sold in the United States than from the sale of the same drugs in Canada.  They asserted that this price fixing violated the Cartwright Act (Bus. & Prof. Code, § 16720 et seq.) and the Unfair Competition Law (Bus. & Prof. Code, § 17200 et seq.).  During discovery, evidence revealed that the drug companies' alleged overcharges had been passed on by the pharmacies to their customers.  The drug companies filed a motion based on this evidence arguing that under California law the "pass-on" of charges entitled them to summary judgment.  This pass-on defense is generally unavailable under federal antitrust law, but at the time of the motion it was unsettled whether it was available under state

---

[1] On the court's own motion, we take judicial notice of *Clayworth I* and *Clayworth III*, as well as the records in Appeal Nos. A118473, A118488, A118496, A119167, and A130516, discussed *post*.

[2] Plaintiffs/appellants are James Clayworth, R.Ph., an individual, dba Clayworth Pharmacy; Marin Apothecaries, Inc., dba Ross Valley Pharmacy; Golden Gate Pharmacy Services, Inc., dba Golden Gate Pharmacy; Pediatric Care Pharmacy, Inc.; Chimes Pharmacy, Inc.; Mark Horne, R.Ph., an individual, dba Burton's Pharmacy; Meyers Pharmacy, Inc.; Benson Toy, R.Ph., an individual, dba Marin Medical Pharmacy; Seventeen Fifty Medical Center Pharmacy, Inc.; Jack's Drug Store and Medical Supplies, Inc.; Julian Potashnick, R.Ph., an individual, dba Leo's Pharmacies; Jerry Shapiro, R.Ph., an individual, dba Uptown Drug, Co.; Tilley Apothecaries, Inc., dba Zweber's Apothecary; RP Healthcare, Inc.; Rohnert Park Drugs, Inc.; JGS Pharmacies, Inc., dba Dollar Drugs; and California Pharmacy Systems, Inc.  Defendants/respondents are Abbott Laboratories; Allergan, Inc.; Amgen Inc.; AstraZeneca LP; Boehringer Ingelheim Pharmaceuticals, Inc.; Bristol-Myers Squibb Company; Eli Lilly and Company; GlaxoSmithKline plc; Hoffmann-La Roche Inc.; Johnson & Johnson Health Care Systems Inc. (a distribution arm for the operating companies of Johnson & Johnson); Janssen Pharmaceuticals Inc.; Ortho-McNeil Pharmaceutical, Inc.; Ortho Biotech Inc.; Merck Sharp and Dohme Corp., formerly known as Merck & Co., Inc.; Novartis Pharmaceuticals Corporation; Pfizer Inc.; Pharmaceutical Research and Manufacturers of America (PhRMA); and Wyeth LLC, formerly known as Wyeth.  Although PhRMA is a nonprofit trade association of which all defendants are members and does not itself manufacture drugs, we will refer collectively to respondents as "drug companies" in the interest of simplicity.

antitrust law.  The trial court (Judge Ronald M. Sabraw) ruled that the defense was available and in December 2006 granted the drug companies' motion.  The pharmacies appealed.

While the appeal was pending, the drug companies filed a joint memorandum of costs in the trial court, seeking more than $1.6 million, and the pharmacies filed a motion to tax costs.  The trial court (Judge Harry R. Sheppard) granted in part the motion to tax costs.  In an 18-page order, the court concluded that some, but not all, costs sought by the drug companies were reasonable, and it directed the drug companies to submit a summary of costs allowed by the order.  They did so later that month, and in a judgment dated July 31, 2007, the court awarded costs to each individual drug company, for a total award of $1,157,534.25, about $442,400 less than what the drug companies had requested.  The pharmacies and three drug companies appealed the costs award.  (Appeal Nos. A119167, A118496, A118488, A118473.)

On July 25, 2008, Division Two of this court affirmed the summary judgment, concluding that the pass-on defense is available under California antitrust law. (*Clayworth I*, *supra*, A116798.)  The Supreme Court, however, reversed in an opinion dated July 12, 2010, and remanded the matter for further proceedings.  (*Clayworth II*, *supra*, 49 Cal.4th at pp. 763, 791.)  The following month, Division Two remanded the matter to the trial court with directions to vacate its order granting summary judgment and to enter an order denying the motion.  (*Clayworth v. Pfizer, Inc.* (Aug. 26, 2010, A116798) [nonpub. opn.].)

The pharmacies' and the three drug companies' appeals regarding the costs award were also resolved.  Two of the drug companies quickly requested dismissals of their appeals, which Division Two granted in August 2010.  (Appeal Nos. A118488, A118473.)  In September, Division Two observed in the pharmacies' appeal (No. A119167) that the Supreme Court's reversal of the summary judgment necessarily required reversal of the judgment for trial costs.  The court noted that it was in all parties' "obvious interest" to avoid "the pointless delay and expense of briefing," and it "encourage[d] counsel to agree upon a stipulation for prompt disposition of th[e] appeal."

3

The parties thereafter stipulated to a dismissal, and Division Two dismissed the appeal in October. The remaining drug company that had appealed from the costs award finally requested that its appeal (No. A118496) be dismissed, and the request was granted in December. Back in the trial court, the original judgment awarding costs to defendants was vacated on January 14, 2011, pursuant to the parties' stipulation.

Two other things happened on remand that are relevant to the current appeal. First, the case was assigned to Judge Steven A. Brick. The pharmacies sought to disqualify Judge Brick under Code of Civil Procedure section 170.1[3] on the ground that his sister-in-law was a partner in a law firm that represented one of the pharmacies until just before the parties learned that Judge Brick likely would be assigned to the case. A Marin County Superior Court judge denied the disqualification request, and the pharmacies challenged the decision by petitioning for a writ of mandate. (No. A130516.) Division Two denied the petition, and the California Supreme Court denied a subsequent petition for review. (S189094, petn. den. Feb. 16, 2011.)

Second, the drug companies renewed motions for summary judgment on theories that had not been previously resolved. The trial court (Judge Brick) granted the motions, and judgment was entered for the drug companies on March 14, 2011. The judgment ordered that "each of [the drug companies] shall recover from all [the plaintiff pharmacies] its costs of suit in accordance with the Code of Civil Procedure." The pharmacies appealed. In their appeal, they again challenged the denial of their request to disqualify Judge Brick. In a nonpublished opinion filed on August 22, 2012, Division Two affirmed summary judgment (*Clayworth III*, *supra*, A131804) and also concluded that the pharmacies could not pursue their appeal of the order denying Judge Brick's disqualification because they already had unsuccessfully challenged the order by petition for writ of mandate. Plaintiffs petitioned the California Supreme Court for review of *Clayworth III*, but their petition was denied. (No. S205726.) Plaintiffs then sought review in the United States Supreme Court, which also denied review. (No. 12-1241.)

---

[3] All statutory references are to the Code of Civil Procedure unless otherwise specified.

4

Meanwhile, in the trial court, the drug companies filed a joint memorandum of costs, seeking a total of $1,152,658.43 as prevailing parties on their second round of summary judgment motions. The pharmacies filed a motion to tax costs, challenging the entire amount sought. They did not, however, challenge the reasonableness of the cost items. Instead, they claimed that the costs were identical to the costs previously awarded but later vacated and that the drug companies were precluded under various legal theories from recovering them.

The drug companies filed a joint opposition to the motion to tax costs. In support of it, they filed the declaration of Paul J. Riehle, an attorney for one of the drug companies (Bristol-Myers Squibb Company). Riehle focused on the "massive amount of discovery" that the pharmacies had taken in the proceedings, and he discussed the procedural history of the award of costs. The pharmacies filed various objections to the declaration, claiming, for example, that it contained improper opinion testimony and hearsay.

The trial court denied the pharmacies' motion to tax costs and entered judgment awarding costs to the drug companies. In denying the motion to tax costs, the trial court pointed out that the previous judge had already ruled on the reasonableness of the requested costs when judgment was entered the first time, which "was no small task." The court concluded that the drug companies were prevailing parties for purposes of recovering costs and that they were therefore entitled as a matter of right to recover their requested costs, which were essentially identical to what previously had been awarded. (§ 1032, subds. (a)(4), (b).) The court also concluded that the reversal of the previous costs order after the Supreme Court's opinion in *Clayworth II* did not foreclose the drug companies from seeking costs after they once again obtained a favorable judgment. Costs to individual drug companies ranged from just over $12,000 to more than $98,000, for a total costs award of $1,152,658.43, about $4,800 less than what had been awarded after the drug companies prevailed on their first summary judgment motion.

5

The pharmacies timely appealed from the costs order. The appeal initially was initially assigned to Division Two, but it was transferred to this division. (Cal. Rules of Court, rule 10.1000(b)(1)(B) [transfer upon division's recusal].)

## II.
### DISCUSSION

A. *The Drug Companies Are Entitled to Costs, Even Though The Order Granting Their First Motion for Summary Judgment Was Reversed, Because They Are the Prevailing Parties.*

In this appeal, the pharmacies argue that the drug companies are not entitled to their costs, even though they are the prevailing parties, because they were unsuccessful on their first motion for summary judgment. The pharmacies are wrong.

Section 1032, subdivision (b) provides that "a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." A prevailing party is entitled to all costs unless another statute provides otherwise, and, absent such statutory authority, the trial court lacks discretion to deny costs to the prevailing party. (*Nelson v. Anderson* (1999) 72 Cal.App.4th 111, 129.)

The pharmacies do not and cannot dispute that the drug companies are the prevailing parties for purposes of recovering costs. (§ 1032, subd. (a)(4).) Instead, they argue that the drug companies are barred from recovering costs under the doctrines of law of the case, estoppel, and waiver because the costs award entered in connection with the first motion for summary judgment was invalidated after the Supreme Court reversed the order granting summary judgment. The argument is specious at best. An award of costs is "merely incidental" to a judgment, "and an order awarding costs falls with a reversal of that part of the judgment upon which it is based." (*Purdy v. Johnson* (1929) 100 Cal.App. 416, 419-420.) After a judgment is reversed, the issue of costs is "set at large." (*Id.* at p. 420; see also *Allen v. Smith* (2002) 94 Cal.App.4th 1270, 1284; *Merced County Taxpayers' Assn. v. Cardella* (1990) 218 Cal.App.3d 396, 402.) In other words, when a judgment falls, so, too, does the cost award associated with it.

Thus, when the Supreme Court reversed the order granting summary judgment, the costs award entered in connection with that order was necessarily rendered invalid,

6

and the parties recognized this unavoidable consequence by dismissing the then-pending costs appeals. But, as the trial court found, the dissolution of the first costs award did not foreclose litigation of costs after summary judgment was renewed on remand and again resolved in favor of the drug companies. At that point, the drug companies became the prevailing parties and were entitled to costs as a matter of right. (§ 1032, subd. (b).)

We quickly dispose of the pharmacies' related contentions. They argued below that if the trial court was disinclined to completely bar the drug companies from recovering costs, it should at least disallow costs related to the litigation of the first motion for summary judgment, which they identified on a chart. Although the trial court did not explicitly reject this argument, it implicitly did so when it awarded costs associated with the first motion. (See, e.g., *Michell v. Olick* (1996) 49 Cal.App.4th 1194, 1200-1201 [party entitled to costs as a matter of right even though some costs related to causes of action upon which she did not prevail]; *City of Sacramento v. Drew* (1989) 207 Cal.App.3d 1287, 1303 ["A litigant should not be penalized for failure to find the winning line at the outset. . . ."].)

On appeal, the pharmacies present the same chart, but, in their appellate briefs, they do not renew their argument that the drug companies should be barred from recovering costs related to their ultimately unsuccessful summary judgment motion. Instead, they summarize the rules related to costs motions generally and argue that costs may be awarded only where they are reasonable in amount (§ 1033.5, subd. (c)(3)) and "reasonably necessary to the conduct of the litigation rather than merely convenient or beneficial to its preparation" (*id.*, subd. (c)(2)). If items appearing in a cost bill are properly objected to, "they are put in issue and the burden of proof is on the party claiming them as costs." (*Ladas v. California State Auto. Assn.* (1993) 19 Cal.App.4th 761, 774.) The pharmacies argue that the trial court erred by failing to rule on specific objections to various costs requested by the drug companies and that the drug companies are not entitled to "substantial travel expenses, video expenses and document production, messenger expenses, lodging and meals . . . ." But the pharmacies failed to raise these specific objections below, and we conclude that they have forfeited them. (*Planned*

7

*Protective Services, Inc. v. Gorton* (1988) 200 Cal.App.3d 1, 12-13 [party may not raise new theory on appeal regarding recovery or denial of attorney fees], disapproved on another ground in *Martin v. Szeto* (2004) 32 Cal.4th 445, 451, fn. 7.) Moreover, we note that the pharmacies do not identify with particularity which of the costs identified on the chart are now contested.

We also reject the pharmacies' argument that the trial court erred by failing to rule on their evidentiary objections to Riehle's declaration. The trial court noted that the pharmacies raised only legal arguments against an award of costs, which the trial court rejected. Because the court did not rely on the factual assertions set forth in the declaration, it reasonably concluded it was unnecessary to rule on the pharmacies' evidentiary objections to that declaration. On appeal, the pharmacies renew their evidentiary objections but fail to articulate any reversible error. "Whether legal or factual, no error warrants reversal unless the appellant can show injury from the error." (*City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 286.) "[P]rejudice from improper evidence will not be presumed but must be affirmatively demonstrated." (*Douglas v. Ostermeier* (1991) 1 Cal.App.4th 729, 740.) As the pharmacies simply repeat their evidentiary objections, without explaining how a ruling in their favor would have affected the trial court's conclusion to award the drug companies costs as a legal matter, we need not consider their arguments.

### B. The Pharmacies Cannot, Yet Again, Appeal the Order Denying Their Motion to Disqualify Judge Brick.

Finally, we reject as frivolous the pharmacies' argument that we should reverse the costs award based on the denial of their request to disqualify Judge Brick. As set forth above, the pharmacies have challenged the order denying their disqualification request *twice* before, first by writ of mandate, and then again when they appealed the granting of the drug companies' second round of summary judgment motions on the merits. *Clayworth III* explained that the denial of a request to remove a judge is not an appealable order and may be challenged only by writ of mandate (§ 170.3, subd. (d);

*People v. Hull* (1991) 1 Cal.4th 266, 276), and the court rejected the pharmacies' arguments that an exception should be made in that appeal.

In this appeal, the pharmacies do not even attempt to explain why they should be allowed to challenge the denial of their disqualification motion yet again. They simply continue to insist that disqualification here was "required," without explaining why we should even address this issue. As to do so would be inappropriate, we reject the pharmacies' arguments.

III.
DISPOSITION

The order awarding costs is affirmed. Defendants shall recover their costs on appeal.

_____
Humes, J.

We concur:

_____
Rivera, Acting P. J.

_____
Bruiniers, J.

9