Filed 10/28/15  Samarkos v. Goddard CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| ANDREA SAMARKOS, | D067533 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 37-2009-00063736-CU-PA-CTL) |
| THOMAS E. GODDARD, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Judith F. Hayes, Judge.  Reversed.

Michael Maguire & Associates, Paul Kevin Wood; Law Office of Cherie A. Enge and Cherie A. Enge for Defendant and Appellant.

The Simon Law Group, Robert T. Simon; Niddrie, Fish & Addams, John S. Addams for Plaintiff and Respondent.

Defendant Thomas E. Goddard appeals from a postjudgment order of the superior court granting the motion of plaintiff Andrea Samarkos to strike Goddard's cost

memorandum and granting in part and denying in part Goddard's motion to tax Samarkos's cost memorandum (Order). In an opinion filed concurrently in case number D066284, we reversed the judgment underlying the Order.[1] Accordingly, we will reverse the Order.

## STATEMENT OF THE CASE

In case number D066284, the trial court entered a judgment on a jury verdict in which the jury awarded Samarkos damages in the amount of $15,000 (Judgment). Samarkos appealed from the Judgment.

Based on the Judgment in favor of Samarkos and Goddard's statutory offer to compromise that preceded the trial, each party claimed to be a prevailing party for certain purposes and filed a memorandum of costs.[2] (Code Civ. Proc., §§ 1032 (Samarkos), 998 (Goddard).) Goddard moved to strike or tax Samarkos's memorandum of costs, and Samarkos moved to strike or tax Goddard's memorandum and amended memorandum of costs. Each party filed written opposition to the other party's motion, and Goddard filed a reply to Samarkos's opposition.

In November 2014, the court issued a tentative ruling and held a hearing at which the court entertained oral argument, requested supplemental briefing, and ultimately took the matter under submission. The parties filed supplemental briefing and evidence, and

---

[1]     On our own motion, we take judicial notice of our file in case number D066284. (*Epic Communications, Inc. v. Richwave Technology* (2015) 237 Cal.App.4th 1342, 1347, fn. 3.)

[2]     Goddard filed an amended memorandum of costs.

2

the court issued its Order on December 10, 2014.[3]  In the Order, the court granted Samarkos's motion to strike Goddard's memorandum of costs and granted in part and denied in part Goddard's motion to tax Samarkos's memorandum of costs.

Goddard timely appealed, and we have jurisdiction of this appeal under Code of Civil Procedure section 904.1, subdivision (a)(2).

Meanwhile, the appeal in case number D066284 proceeded, and by opinion filed today, we reversed the Judgment.

DISCUSSION

Because an award of costs is "merely incidental" to a judgment (*Purdy v. Johnson* (1929) 100 Cal.App. 416, 420), " '[a]n order awarding costs falls with a reversal of the judgment on which it is based' " (*Allen v. Smith* (2002) 94 Cal.App.4th 1270, 1284). (Accord, *Harris v. Wachovia Mortgage, FSB* (2010) 185 Cal.App.4th 1018, 1027). "After reversal of a judgment 'the matter of trial costs [is] set at large.' "  (*Allen,* at p. 1284.)

In the present appeal, since the Judgment is now reversed, we must also reverse the Order.

---

[3]    The court served the Order on December 11, 2014.

DISPOSITION

The minute order dated December 10, 2014, is reversed.


IRION, J.

WE CONCUR:


BENKE, Acting P. J.


McINTYRE, J.

4