[No. 3,564.]

## JAMES W. MOORE v. E. J. BATES.

BILL OF PARTICULARS.—A count in a complaint for a sum of money alleged to be due by the defendant, for the use and occupation of the plaintiff's land, does not present a claim upon which a bill of particulars can be required.

NEW TRIAL.—Although the Court excludes all evidence on the part of the plaintiff, and renders a judgment for the defendant, yet a trial is had, in the sense in which the Court may grant a new trial, on application of the plaintiff.

EVIDENCE WHEN BILL OF PARTICULARS IS DEMANDED.—If the complaint contains several counts, on one of which a bill of particulars cannot be required, and the defendant demands a bill of particulars, which is not given, the Court should not, on the trial, exclude evidence on the count on which a bill of particulars was not required.

APPEAL from the District Court of the Fifth Judicial District, County of San Joaquin.

The complaint contained counts for grain sold, for the use of carriages and horses, for money loaned, etc., and also a count for one hundred and sixty dollars for the use and occupation of the plaintiff's land, under a lease, within two years before the commencement of the action.

On the day the case was called for trial, and before the

commencement of the trial, the defendant's attorney served on the plaintiff's attorney a demand for a bill of particulars. The plaintiff did not comply with the demand. When the case was called the Court, on the objection of the defendant, excluded all evidence on behalf of the plaintiff, on the ground that no bill of particulars had been served, and rendered judgment for the defendant. The plaintiff moved for a new trial, and the Court granted the application, and the defendant appealed from the order granting a new trial.

*Byers & Elliott*, for Appellant, cited *Anderson* v. *Perine*, 32 Cal. 265, and Secs. 192 and 193 of the Practice Act.

*J. H. Budd* and *Frank T. Baldwin*, for Respondent.

By the Court:

It is not questioned by the appellant that the Court erred in its order excluding all evidence of the plaintiff in support of the allegations of his complaint, upon the ground that no bill of particulars had been furnished to the defendant in pursuance of the requirements of his notice and demand therefor. It is clear that at least the count for the value of the use and occupation of plaintiff's land did not present a claim upon which a bill of particulars could be required. It is contended, however, that this error cannot be presented upon a motion for a new trial, but that the plaintiff's remedy was by appeal from the judgment. In support of this position, the appellant urges that since the Court, upon the motion of defendent, excluded all evidence upon the part of the plaintiff, there was no trial of the case, in the true sense of the word, and hence no new trial could be asked or granted. The appellant's position cannot be maintained. It is not essential to a trial that evidence should be introduced before the Court or jury. The case was regularly called for trial upon the day set for hearing, upon issues

made by the complaint and answer. The trial then commenced, and terminated with the judgment in favor of the defendant. If the plaintiff had offered any evidence whatever, and the Court had erroneously excluded a material portion, it would not be questioned that he would have been entitled to a new trial by reason of the error. We cannot see that a different rule should prevail, when the Court erroneously excluded all evidence in support of the averments of the complaint.

Order affirmed.