[S. F. No. 576.    Department Two.—April 5, 1900.]

DAVID JONES, Administrator, etc., Appellant, v. JOHN E. CHALFANT, Respondent.

JUDGMENT UPON DEMURRER TO COMPLAINT—ORDER DENYING NEW TRIAL—APPEAL.—Where a judgment has been entered upon demurrer to the complaint, an error in its ruling can only be corrected upon appeal from the judgment. A motion for a new trial is not permissible for the purpose of correcting such error, and an order denying a new trial must be affirmed upon appeal therefrom, without considering the merits of the demurrer.

APPEAL from an order of the Superior Court of Mendocino County denying a new trial.    R. McGarvey, Judge.

The motion for a new trial was based on the alleged ground of newly discovered evidence.    The transcript does not contain the pleadings or the judgment.    But both parties to the appeal admit in their brief that a demurrer was sustained to the amended complaint of plaintiff, and that judgment was entered thereupon.

David Jones, Appellant *in pro. per.*

T. L. Carothers, for Respondent.

BRITT, C.—From the confused collection of papers which, regularly and irregularly, have been filed in support of the appeal in this cause, it seems that a demurrer interposed by defendant to the plaintiff's second amended complaint was sustained in the court below on October 14, 1895, and judgment final for the defendant was thereupon entered; plaintiff afterward moved for a new trial, and his motion was denied. He claims that he has appealed from the order denying such motion, and, for present purposes only, we may allow that such is the effect of the notice of appeal appearing in the transcript.

But a new trial is by statute defined to be "a re-examination of an issue of fact in the same court after a trial and decision by a jury or court, or by referees." (Code Civ. Proc., sec. 656.) No issue of fact has ever been tried or examined in this case;

no such issue was presented in the court below; it is, of course, impossible to try anew something which has not been tried at all. The demurrer raised only questions of law as to the sufficiency of the complaint—assuming its averments to be true; if the court erred in its ruling thereon its action could not be corrected by a motion for a new trial; the remedy was to appeal from the judgment—which plaintiff has not done or attempted to do.

These fundamentals are stated because the appellant appears without counsel, and has craved the indulgence of this court for his ignorance of legal practice. However tolerant the court might wish to be toward defects of procedure under such circumstances, it yet lacks power to order a new trial—i. e., a reexamination of an issue of fact—in a case where no such issue exists. Nothing here said is to be understood as an intimation that the court below erred in sustaining the demurrer. The order from which plaintiff professedly appeals should be affirmed.

Haynes, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

McFarland, J., Temple, J., Henshaw, J.