[Sac. No. 1063. In Bank.—May 1, 1903.]

In the Matter of the Estate of PHILIP RICHARDS, Deceased. SAMUEL GRANGER, Appellant, v. F. S. JANE RICHARDS, Respondents.

ESTATES OF DECEASED PERSONS—CONFIRMATION OF SALE—MOTION FOR NEW TRIAL—REVIEW OF OBJECTIONS.—Where one of two surviving executors of the will of a decedent presented his return and account of sale of real estate, and asked confirmation thereof, while the

other executor filed his objection to the confirmation on the ground that the purchaser was already the owner, by reason of certain facts of which no evidence was adduced, whereupon the purchaser asked that the sale be not confirmed, and that further proceedings be dismissed, an order refusing confirmation is not reviewable, on motion for a new trial at the instance of the purchaser, for want of an issue of fact made by him upon the return of sale, or evidence adduced thereon.

ID.—INAPPLICABILITY OF REVIEW.—The procedure of a motion for a new trial is not applicable, and cannot be made applicable to a probate order refusing to confirm a sale. [*Per* McFarland, J., and Henshaw, J.]

ID.—EXTENSION OF TIME FOR STATEMENT—POWER OF JUDGE.—The judge of the court has no authority to extend time for the preparation and service of a proposed statement on motion for new trial more than thirty days in all, without consent of the adverse party or his waiver of objection thereto.

APPEAL from an order of the Superior Court of Nevada County denying a new trial. F. T. Nilon, Judge.

The facts are stated in the opinion of the court.

Alfred D. Mason, for Appellant.

C. W. Kitts, J. M. Walling, and P. F. Simonds, for Respondents.

ANGELLOTTI, J.—This is an appeal by the purchaser from an order denying a motion for a new trial in proceedings for the confirmation of a sale of real estate. An order of the superior court of Nevada County was made June 18, 1900, refusing to confirm a sale of real estate made on May 11, 1891, by the executors of the will of deceased to appellant, under a power mentioned in the will. No appeal was taken therefrom. Notice of intention to move for a new trial was given by appellant on January 7, 1901, and on January 27, 1902, the order denying appellant's motion for a new trial was made.

Conceding, for the purposes of this case, that issues of fact may be joined upon a return of sale by an executor or administrator, so as to render the order confirming or refusing to confirm the sale reviewable on motion for a new trial, the

record shows no such issue made by the appellant in this proceeding. One of the two surviving executors of the deceased, on May 9, 1900, presented to the superior court his return and account of the sale made May 11, 1891, by the executors to appellant, and asked confirmation thereof, while the other executor, reporting the same sale, asked that it be not confirmed. The appellant thereupon filed his objections to "any proceedings with reference to said property, *whether of confirmation or otherwise*," and asked that the proceedings "be dismissed, that no further proceedings be had other than that herein." Eleven grounds were specified in support of these objections, and it is sufficient to say of them that they were directed entirely to the question of the power of the probate court to entertain *any* proceedings relative to the property, and were based entirely upon the claim that the appellant was, by reason of certain facts therein alleged, already the owner of the property, and that the estate was without interest therein, the merits of which claim could not be adjudicated in this proceeding.

These objections were overruled without the taking of any testimony, and thereupon, without other answer or opposition on the part of appellant being filed, the court proceeded with the hearing upon the return, and on June 18, 1900, made its order "that said sale be not confirmed." The order recites that the appellant had filed his objections to the confirmation of said sale. If it be conceded that the appellant, as the purchaser named in the return, could have appealed from the order refusing to confirm, notwithstanding his objections to the confirmation, and if it be further conceded that the record shows errors justifying a reversal of the order refusing to confirm, if an appeal therefrom had been taken, it is still manifest that such order is not, under the circumstances here appearing, reviewable on motion for new trial at the instance of the appellant. He did not place himself, in the lower court, in such relation to the proceedings as to make the remedy by motion for new trial available. That remedy is available only where the action of the court is dependent upon the existence of certain extrinsic facts which are presented to it for determination in the form of pleadings, and are to be decided by it in conformity with the preponderance of evidence offered thereon.

If the order refusing to confirm could be reviewed on appellant's motion for a new trial, it is clear that the statement on motion for a new trial could not be considered on this appeal, for the reason that the proposed statement was not served in time, and the respondent, W. G. Richards, executor, seasonably made his objection thereto, and never waived the same. The judge had no authority to extend the time for the preparation and service of the proposed statement for more than thirty days in all, without the consent of the adverse party. His order of March 4, 1901, made without consent of the adverse party, purporting to extend the time for ten days, he having already extended it for thirty days without consent, was unauthorized and inoperative. Appellant's time to serve his proposed statement expired on March 8, 1901, and service thereof was not made until March 14, 1901. Respondent W. G. Richards, executor, with his proposed amendments, objected to the proposed statement on the ground, among others, that the statement was not served within the time allowed by law, and further urged such objections at the settlement. The fact that he did so was, under the circumstances shown, properly incorporated by the judge in the engrossed statement. There is nothing in the record to indicate any waiver of this objection.

For the reasons hereinbefore given the order denying appellant's motion for a new trial is affirmed.

Shaw, J., and Lorigan, J., concurred.

McFARLAND, J., concurring.—I concur in the judgment of Mr. Justice Angellotti; but I am further of the opinion that the procedure of a motion for a new trial is not applicable, and cannot be made applicable, to a probate order refusing to confirm a sale.

Henshaw, J., concurred with McFarland, J.