[S. F. No. 7156.    Department Two.—January 15, 1917.]

## J. J. DOWLING, Appellant, v. SPRING VALLEY WATER COMPANY et al., Respondents.

FRAUD—DECREE UNDER MCENERNEY ACT—PLEADING—ALLEGATIONS ON INFORMATION AND BELIEF.—A complaint to avoid a decree quieting title to land in a proceeding under the so-called McEnerney Act fails to state a cause of action, where it merely avers, *on information and belief*, that the plaintiff's predecessor in interest, the alleged owner of the land when the proceeding was instituted, was ignorant of the proceeding, and that the evidence therein relative to the defendant's ownership was known by the witness giving the same to be false.

ID.—ALLEGATION OF FACTS ON WHICH BELIEF IS FOUNDED—JUDGMENT IN REM.—The fraud that would avail to set aside the judgment *in rem* of a court of record must be clearly pleaded and proven, and it is not sufficient to allege it or its elements upon information and belief, unless the facts upon which the belief is founded are stated in the pleading.

ID.—UNDESTROYED ASSESSMENT-ROLLS—ASSESSMENT TO THIRD PERSON —FRAUD OF CLAIMANT.—A mere allegation in such complaint that certain undestroyed assessment-rolls of the city and county of San Francisco, in which the land in question was situated, showed the assessment of the property to the plaintiff's predecessor, does not justify the allegation, on information and belief, that fraud was

committed by the agents of the defendant when they deposed in the proceeding to quiet title that they knew of no adverse claimants to the property.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.    James M. Seawell, Judge.

The facts are stated in the opinion of the court.

H. M. Anthony, for Appellant.

McCutchen, Olney & Willard, and Heller, Powers & Ehrman, for Respondents.

MELVIN, J.—J. J. Dowling filed a bill in equity by which he sought to have the court set aside in part a decree quieting the title of the Spring Valley Water Company to certain land in San Francisco pursuant to a proceeding under the statute commonly known as the "McEnerney Act." A general demurrer to the second amended complaint was sustained and judgment was entered for defendants. From said judgment plaintiff appeals.

Among the allegations made by appellant in the second amended complaint are in substance the following ones: That from December 30, 1910, to July 14, 1911, and up to the time of a certain execution sale, one Alla J. Tyler was the owner in fee of the property in dispute; that by reason of certain street work performed by plaintiff as a contractor, after due authorization, he acquired a lien on said property amounting to $6.08; that on January 21, 1907, plaintiff began a suit against Alla J. Tyler to foreclose said lien, resulting in a judgment in his favor for $33.38 made a lien on the property; that execution issued; that plaintiff became the purchaser of the property at the sheriff's sale; that since October 9, 1911, the date of said sale, plaintiff has owned the land in fee and has been in peaceable possession thereof; that on December 30, 1910, the Spring Valley Water Company commenced its action under the "McEnerney Act" to quiet its title to certain land embracing the lot to which plaintiff here asserts title; that this complaint was verified and alleged the peaceable possession by the Spring Valley Water Company and the ownership by that company of the land described in its pleading; and that a *lis pendens* was filed ac-

cording to law. There were lengthy quotations in the second amended complaint herein from the affidavit accompanying the complaint in the "McEnerney" suit, which we need not reproduce here. It is sufficient to say that apparently this affidavit fulfilled the requirements of the statute. There is also an averment that pursuant to order of court summons was published, but that neither by the affidavit nor in the publication of summons did it appear that Alla J. Tyler claimed any interest in the property. Plaintiff also stated that he had no notice or knowledge of the pendency of the water company's action, and upon information and belief he alleged similar lack of knowledge on the part of Alla J. Tyler, and also upon information and belief that if she had possessed knowledge or notice thereof she would have appeared and established her ownership of the property. There were allegations that at the trial of the water company's suit an officer of that corporation swore that it was the owner of all of the property, title to which was involved in the action, and that said testimony was false because there were then of record in the city and county recorder's office instruments showing Alla J. Tyler to be the owner in fee of all the property claimed by plaintiff as her successor in interest. Certain allegations contained in the affidavit, complaint, and the testimony in the water company's suit were upon information and belief specified as false and known to be untrue by that corporation. The Union Trust Company of San Francisco was made a party because of a lien of a general mortgage to said defendant by the water company. There were also averments that the assessment-rolls from 1905 to the date of the action were not destroyed; that those records showed the assessment of this land to Alla J. Tyler for 1905, 1906, 1907, and 1908, and that for 1909, 1910, and 1911 it was assessed to "Alla J. Taylor." There was a further assertion that Spring Valley Water Company had paid no taxes on this parcel of land from 1905 to 1911, inclusive. The prayer of plaintiff was to have the decree in the action to quiet title set aside, or if that could not be done that the Spring Valley Water Company be adjudged a trustee for plaintiff and be compelled to convey to him, freed of the mortgage of the Union Trust Company, the land to which he asserts title.

The demurrer was properly sustained.

The complaint showed compliance by the Spring Valley Water Company with all of the requirements of the "McEnerney Act" except (as appellant maintains) personal service of summons upon Alla J. Tyler, appellant's predecessor in interest, but it is alleged only upon information and belief that Alla J. Tyler was ignorant of the proceeding. The source of the information is not set forth. It does not appear that the pleader obtained his information from Alla J. Tyler, or if not from her from what other source. Obviously she would be the best source of information and her successor, who did not seek knowledge from her, would be under the necessity of explaining in his complaint why he sought other means of enlightenment and what they were. The fraud that would avail to set aside the solemn judgment *in rem* of a court of record must be clearly pleaded and proven. And it is not sufficient to allege fraud or its elements upon information and belief, unless the facts upon which the belief is founded are stated in the pleading. (9 Ency. Pl. & Pr. 694.) In the complaint it is alleged that the statements of the representatives of the Spring Valley Water Company relative to the ownership of the property involved in the former proceeding were "wholly untrue and false in fact," but the averment that they were known by such representatives to be false is "upon *information and belief*." Obviously there must be cases in which the knowledge of the fraud by its perpetrator must be charged on information and belief, but in such cases there must be allegations of facts which show positively or by reasonable inference that such knowledge must have been possessed by the person accused of the fraud. It seems to be the theory of appellant in this case that having alleged the preservation of a part of the records of the city and county of San Francisco, and that these preserved volumes or documents seemed to indicate the assessment of the property to Alla J. Tyler, therefore the agents of the Spring Valley Water Company were guilty of fraud in failing to know of the contents of such records. But a suit under the "McEnerney Act" does not imply the destruction of *all* of the records which by any possibility may have reference to the property to which the plaintiff seeks to quiet title against all persons. Such an action lies whenever the records of the county have been lost or destroyed "in whole or in any material part." (Stats. 1906 [Ex. Sess.], p. 78.) That the

fire may have spared some parts of the record does not deprive a land owner of the benefit of the statute. Therefore the mere allegation that the records described were in existence does not justify the allegation ''on information and belief'' that fraud was committed by the agents of the Spring Valley Water Company when they deposed that they knew of no adverse claimants to the property involved in the former action. The attempted pleading of extrinsic fraud was utterly insufficient.

The existence of parts of the records did not absolve either plaintiff or Alla J. Tyler from the duty of availing themselves of the information available to them regarding the suit to quiet title. The action *in rem* was conducted with all the prescribed formalities. The *lis pendens* was filed, the necessary affidavit was prepared, and the summons was published and posted. We must presume that the recorder kept a platbook showing the lands against which such suits were filed. Plaintiff has failed to allege any reason why he or Alla J. Tyler were ignorant of this record evidence of the proceeding *in rem*. One seeking equity to set aside a solemn judgment on the ground of fraud must show affirmatively why he failed to avail himself of sources of information easily within his reach. (*Champion* v. *Woods*, 79 Cal. 17, [12 Am. St. Rep. 126, 21 Pac. 534]; *Truett* v. *Onderdonk*, 120 Cal. 581, [53 Pac. 26]; *Davis* v. *Hibernia Sav. etc. Soc.*, 21 Cal. App. 444, [132 Pac. 462].)

From the foregoing it follows that the judgment must be and it accordingly is affirmed.

Henshaw, J., and Lorigan, J., concurred.