[Civ. No. 2259.   Second Appellate District.—March 21, 1917.]

## W. W. KAYE et al., Petitioners, v. SUPERIOR COURT OF THE COUNTY OF KERN et al., Respondents.

PROHIBITION—HEARING OF MOTION FOR NEW TRIAL—MOTION ALREADY HEARD—DISMISSAL OF APPLICATION.—While the superior court is without jurisdiction to entertain a motion for a new trial of a case on appeal from a justice's court where the trial was had upon a stipulation of the facts involved, yet where the court has heard and granted the motion after the granting of an alternative writ of prohibition (there being no order in force requiring the court to desist from further proceedings), the writ will not be made peremptory, as no purpose could be served thereby.

APPLICATION for a Writ of Prohibition originally made to the District Court of Appeal for the Second Appellate District to restrain the Superior Court from hearing a motion for a new trial of a Justice's Court appeal.

The facts are stated in the opinion of the court.

W. W. Kaye, and T. F. Allen, for Petitioners.

Emmons & Johnstone, for Respondents.

THE COURT.—Prohibition.   One Newell obtained a judgment in the justice's court against Katze *et al.*, from which defendants appealed to the superior court, where the case was submitted for decision upon an agreed statement of the facts involved.   The court adopted the agreed statement as its findings, and gave judgment thereon for plaintiff.   Thereafter defendants, pursuant to notice and upon statutory grounds, moved the court for a new trial, which motion for new trial so made by defendants the plaintiff moved to dismiss.   The court refused to grant the motion so made by plaintiff to dismiss, and continued to a later date the hearing of defendants' motion for a new trial.   Plaintiff then applied to this court for an alternative writ of prohibition directed to the respondent, requiring it to desist from further proceedings in the matter.   The application was based upon the ground that the court was without jurisdiction to entertain a motion for new trial of a case on appeal from a justice's court, where the trial was had upon a stipulation of the facts

involved.   The writ was granted on November 25, 1916, and by the clerk issued in form prepared and submitted by petitioners' attorneys, requiring respondent to desist from further proceedings or ruling upon defendants' motion for new trial then pending before it, *until the 18th of December, 1916*, instead of until the further order of the court, as required by section 1104 of the Code of Civil Procedure. It appears from the return that after the expiration of said time, to wit, on *December 27, 1916*, the court heard the motion for new trial and granted the same.   In so doing, since the command of the writ was merely to desist from any ruling until *December 18th*, there was no violation of the order.   It thus appears that the act, the performance of which it was sought to restrain, having been done, and conceding the court acted in excess of its jurisdiction, as to which, upon the authority of *Gregory* v. *Gregory*, 102 Cal. 50, [36 Pac. 364], *Quist* v. *Sandman*, 154 Cal. 748, [99 Pac. 204], and *Abbey Land etc. Co.* v. *San Mateo*, 167 Cal. 434, [Ann. Cas. 1915C, 804, 52 L. R. A. (N. S.) 408, 139 Pac. 1068], we entertain no doubt; nevertheless no purpose could be served by making the writ peremptory.   Indeed, as it now appears, the record presents a moot question; and the proceeding, without prejudice to the right of the petitioners to apply for such other and further writ in the premises as they may deem advisable, is dismissed.