[Civ. No. 2263. First Appellate District.—June 5, 1918.]

ELIZABETH M. CONNELL, Administratrix, etc., Appellant, v. ROBERT J. McGAHIE et al., Respondents.

INJUNCTION — TRESPASS UPON TIDE-LAND LOTS — CROSS-COMPLAINT ASSERTING EASEMENT — DESCRIPTION OF PROPERTY — SUFFICIENCY OF CROSS-COMPLAINT.—In an action to enjoin the defendants from trespassing upon tide-land lots, wherein they by cross-complaint sought to subject the lots to a private easement for a right of way for a wharf, the cross-pleading sufficiently describes the property by referring to it as "Ackerman's Cove," and alleging that the same is the property described in the plaintiff's complaint, the easement

not being directed to any part of the lands, but affecting the entire tract.

ID.—PUBLIC AND PRIVATE EASEMENT IN SAME WATERS — CROSS-COMPLAINT NOT INCONSISTENT.—In such an action, there is no fatal contradiction in alleging in the cross-complaint a public easement for the use of alleged navigable waters and a private easement consisting in part of the same use of the identical waters, since they are based upon separate and distinct rights.

ID.—ENFORCEMENT OF RIGHTS — RIGHT OF LESSEE OF EASEMENT.—A lessee of a right of way for a wharf has the right to file a cross-complaint asserting his rights under the easement.

APPEAL from a judgment of the Superior Court of Marin County. Edgar T. Zook, Judge.

The facts are stated in the opinion of the court.

Henry F. Marshall, and Walter J. Thompson, for Appellant.

Thos. P. Boyd, and Robert J. McGahie, *in pro. per.,* for Respondents.

THE COURT.—This is an appeal from a judgment declaring certain land subject to an easement and prohibiting interference with the same.

The complaint alleged ownership in plaintiff of certain tide-land lots situated in Marin County, to which he deraigned title from the state by deed to his predecessors from the board of tide-land commissioners. Upon these lots clam-beds had been established, and to protect the clams from predatory fish, plaintiff had erected and maintained fences thereon. He complained that the defendants had trespassed upon the property, broken down his fences, thereby admitting the predatory fish to the clam-beds, to the consequent destruction of the clams, for which he sought damages and an injunction against future threatened injury. To this complaint defendants filed a joint answer and cross-complaint, bringing in also another party defendant. The defendant Ackerman in his cross-complaint pleaded that his codefendants, the Reeds, were the owners of the upland known as Strawberry Point surrounding "Ackerman's Cove," which, it appears from the pleadings, is the name by which plaintiff's lands are known, and were also the owners of a private

easement to construct and maintain a wharf across the tide-
lands and out into the waters of "Ackerman's Cove," and
a further right to the use of the waters of San Francisco Bay
covering the cove for landing and mooring purposes for 150
feet on either side of the wharf, with the right of way from
the end of the wharf across the waters of San Francisco
Bay covering the cove to the channel of the bay. He fur-
ther alleged that the wharf had been erected and maintained
many years prior to the commencement of the action, and
that cross-complainant was a tenant of the Reeds, renting one
acre of land from them bordering on "Ackerman's Cove,"
together with the private easement above referred to; that he
had erected a residence and boathouse on the leased prem-
ises, and engaged in the business of fishing and renting boats,
and that plaintiff had destroyed the wharf and prevented its
rebuilding, and had built a fence across "Ackerman's Cove,"
thereby obstructing access to his leased land, and destroying
his business. He also averred that the waters covering Ack-
erman's Cove are part of the navigable waters of the state,
and that plaintiff had only a public right of fishing and navi-
gation thereon common to all citizens.

This pleading in substance contains all the allegations of
the other pleadings of the defendants, and the recital of the
facts contained therein is all that is necessary for a discus-
sion of the case.

To this cross-complaint plaintiff interposed a demurrer,
which was overruled, and, plaintiff failing to answer, his
default was regularly entered, and evidence being intro-
duced in support thereof, judgment was entered by the court
in favor of said cross-complainant. No separate judgment
upon the default was ever entered, it being incorporated in
the final judgment between all the parties.

Upon the pleadings of the other defendants the case went
to trial, and judgment was against plaintiff and in favor of
cross-complainants. The court found that plaintiff was the
owner of the land described in the complaint, but that it was
subject to two easements: One in favor of the Reeds for a
right of way for a wharf and the use of the navigable waters
of the bay of San Francisco, and the other a public easement
for the use of those waters for navigating, hunting, and
fishing. As conclusions of law the court found that the

Reeds were entitled to one hundred dollars damages; that they were the owners of the private easement claimed by them, and that an injunction issue restraining plaintiff from interfering with the private easement or from maintaining a fence on any of his land which interfered with the free use of the waters of Ackerman's Cove for hunting, fishing, or navigating. Formal judgment followed, in which it was also decreed that defendant and cross-complainant Ackerman have judgment from plaintiff for the sum of $970 damages, and that he have an order removing the fence and a permanent injunction restraining plaintiff from ever erecting any fence or obstruction upon his lands, and further, that an injunction issue against plaintiff from in any manner obstructing the free use of the waters covering the lands by citizens of the state for the purpose of hunting, fishing, or navigation.

A motion for a new trial was had, which was granted "except as to the issues raised by the cross-complaint of Ackerman." From this order plaintiff has appealed.

It is the claim of plaintiff that the judgment, in so far as the same rests upon such cross-complaint, should be reversed. As we view the record, the only question that is presented for our consideration is the sufficiency of the pleading to support the judgment. Aside from this question, it is first urged as ground for reversal that the court erred in inserting in the order granting the new trial the proviso excepting from its operation the issues raised by the cross-complaint of Ackerman. In this behalf it is argued that plaintiff's motion for a new trial was both in fact and by legal intendment directed solely to the issues of plaintiff's complaint and the cross-complaints of the Reeds, together with the respective answers thereto, and was not, and could not be, directed toward the Ackerman cross-complaint, for the reason that a motion for a new trial does not lie to a default judgment. Plaintiff having failed to answer the cross-complaint of Ackerman, the court was undoubtedly without power to grant the motion for a new trial as to the issues raised by this cross-complaint. It is manifest, however, that the mention by the trial court of the Ackerman cross-complaint was a mere matter of precaution made for the sole purpose of protecting Ackerman, and in no manner affected his judgment.

As to the sufficiency of the pleading it is argued by the appellant that the cross-complaint does not state a cause of action, for the reason that it utterly fails to describe the property claimed to be subject to the easement.

The land over which the right of way is claimed is there referred to as "Ackerman's Cove," which it is alleged is the property described in plaintiff's complaint. The asserted private easement is not directed to any particular part or parcel of plaintiff's lands, but, according to the allegations, affects the entire tract. Under these circumstances we are of the opinion that the description designating the lands subject to the easement in the manner indicated is sufficient.

Again, it is contended that the cross-complaint is fatally contradictory, in that it alleges a public easement for the use of alleged navigable waters, and a private easement consisting in part of the same use of the identical waters.

We see nothing contradictory in these allegations. They are based upon separate and distinct rights.

Equally without merit is the claim that Ackerman is not entitled to assert a cross-complaint. It is alleged by him that his lessors were the owners of a right of way over the property described in plaintiff's complaint, and that he as lessee had been for more than seventeen years in the use and possession of this right. It thus appears that the relief demanded affects the property to which the action relates, and this is sufficient to entitle him to the relief. (Code Civ. Proc., sec. 442.) And an occupant of any estate in a dominant tenement may maintain an action for the enforcement of an easement attached thereto. (Civ. Code, sec. 809. See, also, 7 Cyc. Pl., p. 256.)

The judgment is further assailed for the reason that a portion thereof prohibits the obstruction of the free use of the waters covering the lands by the residents and citizens of the state for hunting, fishing, and navigating, which portion, it is claimed, is unwarranted.

The grant of the tide-lands in question from the state to plaintiff's predecessors was under the act of March 30, 1868. (Stats. 1867–68, p. 716.) It is conceded that under the authority of *Knudson* v. *Kearney*, 171 Cal. 250, [152 Pac. 541], this portion of the judgment is without warrant and should be eliminated therefrom. This authority, however, in no

manner affects the private easement adjudged to exist in favor of cross-complainant. This right was claimed to have accrued to him long subsequent to the date of the grant.

Other points do not require consideration.

For the reasons given the judgment in favor of Acker-man, modified in the particular indicated, is affirmed, said respondent to recover his costs upon this appeal.