[Crim. No. 4581. Second Dist., Div. One. Apr. 3, 1951.]

THE PEOPLE, Respondent, v. LOUIS L. CERVANTES, Appellant.

Louis L. Cervantes, in pro. per., for Appellant.

Fred N. Howser, Attorney General, and Donald D. Stoker, Deputy Attorney General, for Respondent.

DORAN, J.—Defendant was charged by information with two counts of burglary with a prior conviction of burglary. Two other counts of bribery and a violation of section 11500 of the Health and Safety Code were also alleged. Defendant pleaded guilty to the two burglary counts and admitted the prior conviction. The other two counts were dismissed. Defendant was sentenced June 29, 1948, the sentences to run concurrently.

On August 7, 1950 defendant petitioned the superior court for what was referred to as "an application for a writ of Coram Nobis," "an application for an alternative writ of Habeas Corpus" and a "petition to annul, vacate, and set aside judgment." Following a hearing, the applications and petition were denied, from which order defendant appealed.

Defendant was represented by counsel at the time the plea was entered and judgment pronounced. The later petition and applications above mentioned were made in propria persona.

The appeal is from the order denying the motions.

■ Appellant's briefs on appeal are in propria persona. Most of appellant's opening brief is devoted to a review of elementary criminal law. Finally the following appears: "Your defendant-appellant contention is that the judicial record is not consistent with the facts as stated; order is, void for want of jurisdiction; or the process invalid upon its face; no criminal charge or crime was proved in the trial court." It is then contended that "The people of the State of California, has denied your applicant defendant the following rights guaranteed to each individual by the Constitution of the United States." Then follows 17 specifications of so-called rights denied, the seventeenth of which is as follows: "Denied the equal protection from domestic violence and invasion." It would serve no useful purpose to describe or recite the others.

Appellant's closing brief contains a "motion for a writ of Error," "an application for a writ of review," a "writ of supersedeas," a "writ of probable cause," a "writ of mandate" and a "subpoena duces tecum."

Appellant's brief and petition contain no support for the contentions therein referred to. Nor is there any support in the record for appellant's contention in general. Assuming that appellant's petition in the court was a writ of error coram nobis, it was properly denied. Such a writ does not lie in the circumstances revealed by the record.

Appellant pleaded guilty in the court below and there is nothing out of the ordinary in connection with the proceedings. The order therefore is affirmed and appellant's applications and petitions herein are denied.

White, P. J., and Drapeau, J., concurred.