[Civ. No. 15603. First Dist., Div. Two. Mar. 10, 1954.]

EMIL J. PAHLKA et al., Respondents, v. W. E. McCORMICK, Appellant.

Robert H. Fouke, Robert A. Wertsch, John Alfred Davis and John D. Gallaher for Appellant.

John A. Putkey for Respondents.

764

DOOLING, J.—Under the authority of *Reeves* v. *Reeves*, 34 Cal.2d 355 [209 P.2d 937] the appeal in this case must be dismissed.

The clerk's transcript shows that judgment in the action was entered on April 7, 1952. A motion for new trial was made and denied on June 4, 1952, and notice of appeal was filed on July 3, 1952.

The case was submitted to the court on an agreed statement of facts. There was therefore no trial of any issue of fact. ■ It is reaffirmed in the Reeves case following a host of earlier decisions, that a new trial can only be granted where there has been a trial on issues of fact. (*Reeves* v. *Reeves, supra,* 34 Cal.2d at pp. 358-359.) ■ Specifically where the case is submitted on an agreed statement of facts there can be no new trial granted because when the facts are all agreed upon there can be no issue of fact before the court for decision. (*Gregory* v. *Gregory,* 102 Cal. 50 [36 P. 364], cited in the Reeves case; *Quist* v. *Sandman,* 154 Cal. 748 [99 P. 204].)

■ Since no new trial could be granted in this case the motion for new trial was not a "valid motion" within the meaning of Rules on Appeal, rule 3(a) and did not extend the 60-day period after entry of judgment within which a notice of appeal may be filed under rule 2(a). (*Reeves* v. *Reeves, supra,* 34 Cal.2d at p. 359.)

Appeal dismissed.

Nourse, P. J., and Kaufman, J., concurred.