[Civ. No. 20584.   Second Dist., Div. One.   Nov. 30, 1954.]

E. L. RICHARDSON et al., Appellants, v. THE UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA et al., Defendants; JOSEPH CAMBIANO et al., Respondents.

R. Milton Smith for Appellants.

Arthur Garrett for Respondents.

DRAPEAU, J.—Motion to dismiss appeal.

An alternative writ of mandate was granted to plaintiffs. Defendants appeared and filed a demurrer to the complaint, and notices of motion to strike portions of the complaint and to quash and dismiss the alternative writ.

The demurrer was sustained without leave to amend; the motions were granted; and the action itself was dismissed. This judgment was entered December 15, 1953.

December 23, 1953, plaintiffs filed a notice of intention to move for a new trial. No further proceedings respecting this motion were had. Therefore it must be deemed to have been denied. (Code Civ. Proc., § 660.)

Plaintiffs filed their notice of appeal from the judgment 90 days after it was entered.

Rules on Appeal (rule 2(a)), require that notice of appeal be filed within 60 days from the date of entry of the judgment, unless "a valid notice of intention to move for a new trial is served and filed." (Rule 3(a).)

Plaintiffs' notice of motion for a new trial did not extend the time for filing the notice of appeal. In *Reeves* v. *Reeves*, 34 Cal.2d 355 [209 P.2d 937], it was held that where new trial proceedings are unauthorized, as here, they do not toll the time for appeal. (Rules on Appeal, rule 3(a); *Lynch* v. *Watson*, 69 Cal.App.2d 51 [158 P.2d 250]; *Pahlka* v. *McCormick*, 123 Cal.App.2d 763 [267 P.2d 390].)

Plaintiffs suggest that their pleading denominated "Notice of Intention to Move for a New Trial." should be considered as also a notice of motion to vacate under section 473 of the Code of Civil Procedure. But the notice of motion contains no reference to that section of the code, and in *Gillies* v. *Brent*, 73 Cal.App.2d 585 [166 P.2d 877], a similar suggestion was decided adversely to plaintiffs.

The appeal is dismissed.

White, P. J., and Doran, J., concurred.