[S. F. No. 19375. In Bank. Sept. 17, 1957.]

FLORENCE E. CARNEY, as Administratrix, etc., Plaintiff and Appellant, v. ANNA SIMMONDS et al., Defendants and Appellants.

Eugene S. Clifford and Heller, Ehrman, White & Mc-Auliffe for Plaintiff and Appellant.

Jacobsen & Tobin and Harold W. Tobin for Defendants and Appellants.

CARTER, J.—In this case plaintiff commenced an action which she entitled one for the partition of real property against defendants. Defendants' demurrer was overruled and plaintiff filed an amended complaint. No demurrer was filed to the amended complaint; it was answered, defendants claiming among other things that it did not state a cause of action. When it came on for trial defendants moved for a "judgment on the pleadings" on the ground that the amended complaint failed to state a cause of action in that it purported to attack a decree assigning the entire estate to a widow on the ground of extrinsic fraud but failed to allege such fraud or show that a different result would have been reached but for the fraud. It was argued and then the court stated that if plaintiff was able to prove what she alleged, she had a cause of action but "this" is not it; the defendants' motion for "judgment on the pleadings is granted." Then followed a discussion about amending the amended complaint and the court said it granted the motion without leave to amend. The court made and filed an order for "judgment on the pleadings" without leave to amend and for defendants. It also entered a judgment on that order. Plaintiff gave notice of motion "for a new trial and for order vacating and setting aside judgment" on the pleadings and for an order allowing her to file a proposed amended complaint. The

court made its order in which it granted plaintiff's motion for a new trial, vacated the judgment and gave plaintiff leave to amend. Defendants appeal from the order granting a new trial and vacating the judgment; plaintiff cross-appeals from the judgment. Treating the motion and order as one for new trial, it must be considered as a proper procedure for the reasons hereinafter stated.

The statutes on new trial provide that: "A new trial is a re-examination of an issue of fact in the same court after a trial and decision by a jury, court or referee." (Code Civ. Proc., § 656.) "An issue of law arises upon a demurrer to the complaint or answer, or to some part thereof." (Code Civ. Proc., § 589.) "An issue of fact arises——

"1. Upon a material allegation in the complaint controverted by the answer; and,

"2. Upon new matters in the answer, except an issue of law is joined thereon." (Code Civ. Proc., § 590.) █ A new trial may be granted on the "issues" on the grounds, among others, errors in law occurring at the trial, that the verdict or decision is against the law and irregularity in the proceedings. (Code Civ. Proc., § 657.)

It has been held, in a first group of cases, that pursuant to sections 590 and 656, as to various classes of judgments, a motion for a new trial was not the proper procedure; that the trial court should not grant a motion for a new trial: (1) Judgment of dismissal after demurrer sustained: *Jones* v. *Chalfant*, 128 Cal. 334 [60 P. 852]; *Confar* v. *Whelan*, 8 Cal.App.2d 101 [46 P.2d 991]; *Richardson* v. *United etc. of Carpenters & Joiners*, 129 Cal.App.2d 249 [276 P.2d 636]; *Holmes* v. *Justice's Court*, 19 Cal.App.2d 362, 366 [65 P.2d 820]. (2) Judgment of dismissal generally: *City of Pasadena* v. *Superior Court*, 212 Cal. 309 [298 P. 968]. (3) Judgment on the pleadings: *Abbey Land etc. Co.* v. *County of San Mateo*, 167 Cal. 434 [139 P. 1068, Ann.Cas. 1915C 804, 52 L.R.A.N.S. 408], *Hotel Park Central, Inc.* v. *Security-First Nat. Bank*, 15 Cal.App.2d 293 [59 P.2d 606]; *Budrow* v. *Wheatcraft*, 115 Cal.App.2d 517 [252 P.2d 637]. (4) Judgment on agreed statement of ultimate facts: *Gregory* v. *Gregory*, 102 Cal. 50 [36 P. 364]; *City of Pasadena* v. *Superior Court*, 212 Cal. 309, 314 [298 P. 968]; *Kaye* v. *Superior Court*, 33 Cal.App. 269 [164 P. 912]; *Quist* v. *Sandman*, 154 Cal. 748 [99 P. 204]; *Monteverde* v. *Superior Court*, 60 Cal.App. 252 [212 P. 690]; *Pahlka* v. *McCormick*, 123 Cal.App.2d 763 [267 P.2d 390]; *Gillmore* v. *American*

*Central Ins. Co.,* 65 Cal. 63 [2 P. 882]. (5) Default judgments: *McRae* v. *Lackmann,* 8 Cal.App. 241 [96 P. 505]; *Reeves* v. *Reeves,* 34 Cal.2d 355 [209 P.2d 937]; *Crackel* v. *Crackel,* 17 Cal.App. 600 [121 P. 295]; *Rehfuss* v. *Rehfuss,* 169 Cal. 86 [145 P. 1020]; *Waldecker* v. *Waldecker,* 178 Cal. 566 [174 P. 36]; *Foley* v. *Foley,* 120 Cal. 33 [52 P. 122, 65 Am.St.Rep. 147]; *Savings & Loan Soc.* v. *Meeks,* 66 Cal. 371 [5 P. 624]; *In re Heldt,* 98 Cal. 553 [33 P. 549]; *Estate of Dean,* 149 Cal. 487 [87 P. 13]; *Connell* v. *McGahie,* 37 Cal. App. 439, 442 [173 P. 1115]; *Hall* v. *Hall,* 42 Cal.2d 435, 439 [267 P.2d 249]. It has been said generally that a motion for a new trial is not proper where no issue of fact is tried. (*Holmes* v. *Justice's Court, supra,* 19 Cal.App.2d 362, 366 [65 P.2d 820]; *Jones* v. *Chalfant, supra,* 128 Cal. 334; *Reeves* v. *Reeves, supra,* 34 Cal.2d 355; *Rinaldo* v. *Superior Court,* 15 Cal.App.2d 585 [59 P.2d 868]; *Foley* v. *Foley, supra,* 120 Cal. 33; *Hotel Park Central, Inc.* v. *Security-First Nat. Bank, supra,* 15 Cal.App.2d 293; *Pahlka* v. *McCormick, supra,* 123 Cal.App.2d 763; *Clark* v. *Torchiana,* 19 Cal.App. 786, 790 [127 P. 831]; *Hall* v. *Hall, supra,* 42 Cal.2d 435; *Stockton Iron Works* v. *Walters,* 18 Cal.App. 373 [123 P. 240]; *Estate of Richards,* 139 Cal. 72 [72 P. 633].)

On the contrary, in a second group of cases, it has been held that a motion for a new trial is proper in the following situations: Judgment on the pleadings (class 3 of group 1 above) (see *Allen* v. *California Mut. B. & L. Assn.,* 40 Cal. App.2d 374 [104 P.2d 851]; *Moore* v. *Bates,* 46 Cal. 29) or in effect the same kind of judgment, the sustaining of an objection to the introduction of any evidence for one reason or another including the failure of the complaint to state a cause of action followed by judgment for defendant. (*Moore* v. *Bates, supra,* 46 Cal. 29; *Green* v. *Duvergey,* 146 Cal. 379 [80 P. 234]; *Stow* v. *Superior Court,* 178 Cal. 140 [172 P. 598]; *Allen* v. *California Mut. B. & L. Assn., supra,* 40 Cal. App.2d 374; *Bice* v. *Stevens,* 129 Cal.App.2d 342 [277 P.2d 106].) Judgment of nonsuit either on plaintiff's opening statement or after his evidence is presented (*Carton Corporation* v. *Superior Court,* 76 Cal.App. 434, 436 [244 P. 932]; *Castillo* v. *Warren,* 44 Cal.App.2d 903 [113 P.2d 232]; *Converse* v. *Scott,* 137 Cal. 239 [70 P. 13]; *Toulouse* v. *Pare,* 103 Cal. 251 [37 P. 146]; *Braley* v. *Empire Water Co.,* 130 Cal. App. 532 [20 P.2d 75]). Judgment on a directed verdict (*Steele* v. *Werner,* 28 Cal.App.2d 554 [83 P.2d 56]). And a motion for a new trial has been indicated as proper al-

though the issue tried was not one of fact. (See *Horstman* v. *Krumgold,* 55 Cal.App.2d 296 [130 P.2d 721]; *City of Pasadena* v. *Superior Court,* 212 Cal. 309 [298 P. 968]; *Bice* v. *Stevens, supra,* 129 Cal.App.2d 342.)

To clarify the law we deem it necessary to re-examine the law on this subject. The basic reason underlying the decisions in the five classes of judgments in the first group above mentioned holding a new trial not proper appears to be that a motion for a new trial should not be entertained where the only issue tried is one of law as distinguished from one of fact or one of law and fact. ■ This reason might seem justified on the basis of sections 656 and 590 of the Code of Civil Procedure, quoted *supra,* but those sections must be read and construed in conjunction with the basic section on motions for a new trial, section 657 of the Code of Civil Procedure. It provides that "any" decision may be vacated or modified on motion for a new trial, indicating that the decision need not necessarily be based on a question of fact. The new trial may be on "all" or "part of the issues" further pointing to no distinction between fact and law (the issues). ■ The grounds for the new trial motion may be either issues of fact such as insufficiency of the evidence or issues of law such as "irregularity in the proceedings of the court, jury or adverse party," "misconduct of the jury," that the decision is "against the law," "error in law occurring at the trial," and others. These grounds clearly indicate that issues of law may be reexamined on a motion for a new trial. ■ Moreover it should be observed that there may be a "trial" and hence a situation proper for a new trial motion where only issues of law are determined. (See *Berri* v. *Superior Court,* 43 Cal.2d 856 [279 P.2d 8].) ■ As a matter of orderly procedure there is no less reason why the trial court should have a second chance to reexamine its judgment where issues of fact are involved than where issues of law or law and fact are decided. ■ We conclude therefore that a motion for a new trial is proper procedure in any of the classes of judgments mentioned in the first group of cases above cited whether the judgment is based on law or fact or both, except possibly in the case of default judgments or judgments by agreement or confession where there may be the question of the right of the moving party to make any objection to the judgment. The cases cited in support of the judgments in classes 1, 2, 3 and 4 in the first group of cases are disapproved as well as the statements in those cases

which limit a new trial to a case where there has been an issue of fact tried; the results reached in the second group of cases are approved. There are suggestions in some of the cases that where judgment is entered after a demurrer is sustained a new trial should not be proper, but there appears to be no difference between that situation and the others in the first four classes of judgment in the first group of cases above cited. The issue determined in all is one of law. ▆▆▆ For illustration, there is no difference between a judgment on the pleadings and one after the sustaining of a demurrer; they are both judgments on the pleadings. (*Dragna* v. *White*, 45 Cal.2d 469 [289 P.2d 428]; *Beverage* v. *Canton Placer Mining Co.*, 43 Cal.2d 769 [278 P.2d 694].) We hold, therefore, that a motion for a new trial was proper in the case at bar. It must be determined therefore whether the new trial was properly granted under the circumstances here presented.

Plaintiff[1] alleges in her amended complaint that she is the mother of Thomas Simmonds, deceased, who died intestate, and owner as tenant in common of a half interest in described real property; that defendants are McMinn, the administrator of Thomas' estate, and his widow, and they claim an interest in the property; that the property was the separate property of Thomas and there being no issue of his marriage, plaintiff and his widow each inherited a half interest under section 223 of the Probate Code; that on October 2, 1951, plaintiff served a request for special notice of estate proceedings on the attorneys for McMinn;[2] that "Plaintiff is informed and believes and therefore alleges that said . . . McMinn on or about the 15th day of October, 1951, fraudulently procured a decree purportedly assigning the whole estate of Thomas . . . deceased, to the surviving widow,[3] the defendant[4] . . .; that in order to obtain said decree said defendant . . . McMinn fraudulently and with intent to deceive said Court and to obtain a greater interest in the real property . . . represented to the Court

[1]Her administrator was substituted in her place since she died.

[2]If an heir requests special notice of estate proceedings, notice shall be given to him by mail or personally served. (Prob. Code, §§ 1202, 1200.)

[3]If decedent leaves a surviving spouse and the net value of the estate over any homestead interest does not exceed $2,500, it may be set aside to the surviving spouse. (Prob. Code, §§ 640-646.)

[4]In her proposed second amended complaint on motion for a new trial the filing of which the court authorized in its order granting the motion the matters are directly alleged.

that notice had been given in all respects as required by Section 1200 of the Probate Code during which time said defendant well knew that notice had not been given to plaintiff pursuant to her request as hereinabove alleged. Said defendant further fraudulently and with intent to deceive the said Court represented that the value of said estate did not exceed $2,500 at the time of decedent's death; that defendant . . . the widow of said decedent, did not possess other estate in excess of $5,000 in value; and that the entire estate, including the real property . . . consisted of community property; that at the time of making said fraudulent representations, defendant well knew that said real property was not community property but the separate property of the decedent, and defendant Anna Simmonds possessed property having a value in excess of $7,500." That: "As a result of the facts, fraud and fraudulent concealments hereinabove alleged, plaintiff was not made aware of the pendency of the hearing of the said decree assigning the estate to defendant Anna Simmonds, and therefore did not appear in said Court so as to present the true facts in this matter." That plaintiff "did not know or discover" or "suspect" such a proceeding until July 7, 1952. Plaintiff prays that the "decree of distribution" be set aside, for partition of the property and other relief. Plainly the main purpose of the action was to obtain equitable relief from the probate decree assigning all of Thomas' estate to defendant, his widow.

Defendants assert that the complaint is insufficient because plaintiff's attack is collateral and extrinsic fraud must be pleaded;[5] that plaintiff's allegations that no notice was given were on information and belief when they should have been direct; that it does not appear that the request for notice was filed prior to the application to set the estate aside to defendant widow; that there is no allegation that special notice under sections 1200 and 1202 of the Probate Code was not given or that the court in the proceeding failed to make a finding as to the giving of special notice; that there is no allegation that the appraisal of the estate was incorrect; that no showing of a different result would have followed (refusal to set aside the estate except for the fraud); that plaintiff was guilty of

---

[5] "In the absence of fraud in the procurement an order of the superior court assigning an estate pursuant to the provisions of the preceding section, when it becomes final, is a conclusive determination of the jurisdiction of the court (except when based on the erroneous assumption of death), and cannot be collaterally attacked." (Prob. Code, § 645.1.)

laches by waiting from October, 1951 to July, 1952, before commencing her action because plaintiff knew of the probate proceedings.

While the amended complaint is not entirely clear, we believe that, accepting but not deciding defendants' claims as to the law implicit in their contentions, and liberally construed in plaintiff's favor as it should be (*Bennett* v. *Hibernia Bank,* 47 Cal.2d 540, 546 [305 P.2d 20]) it states a cause of action.

■ From the quotation from the complaint and facts alleged it is alleged either directly or by inference that plaintiff had no knowledge of the application for setting aside the estate and was not given notice thereof although she knew the probate proceedings were pending; that her request for special notice was given before the hearing on the application to set aside the estate to defendant widow; that McMinn was fraudulent in representing to the court he had given special notice and in his failure to give notice for the purpose of enhancing the amount that would be received from the estate by defendant widow and to carry out that fraud misrepresented the value of the estate to the court; that as a result plaintiff did not contest the proceedings and, as the estate exceeded $2,500, the result would have been different, that is, it would not have been set aside. While the paragraph from the amended complaint heretofore quoted commences with an allegation based on information and belief it does not necessarily follow that the whole paragraph is so based; it may be reasonably interpreted to apply only to the first clause, leaving the balance as direct allegations on knowledge. It appears therefore that a reasonable construction would point to a fraudulent exclusion of plaintiff from the hearing on the application to set aside the estate. In *Purinton* v. *Dyson,* 8 Cal.2d 322 [65 P.2d 777, 113 A.L.R. 1230], the court was considering a case where for fraudulent reasons no notice was given in a probate proceeding to a granddaughter of decedent who was not mentioned in the will. The court held there was extrinsic fraud, stating (p. 324): ''Respondent's case rests upon extrinsic fraud alleged to have been committed by Schaffer in conducting the probate proceedings in the estate of Adeline Potter without disclosing her relationship to the deceased and notifying the respondent of the proceedings. The complaint alleged that at the time Schaffer filed his petition for probate of the Potter will, he knew that respondent was the granddaughter of Mrs. Potter; that she was residing in Los Angeles,

California; and that his failure to disclose her existence was for the purpose of defrauding respondent out of her share of the estate. . . .

". . . The case, therefore, presents a situation where according to the findings of the trial court an executor, who was practically the sole beneficiary of the estate, kept an heir in ignorance of the death of her ancestor 'with fraudulent design and intent to gain for himself a share of said estate which rightfully and lawfully belonged to' such heir. . . .

■ "It is well settled that equity may afford relief from orders and decrees in probate proceedings for extrinsic fraud. (*Caldwell* v. *Taylor*, 218 Cal. 471, 475 [23 P.2d 758, 88 A.L.R. 1194].) But appellant insists that any fraud practiced by Schaffer was intrinsic. The theory of this contention is, principally, that fraud to be extrinsic must be practiced directly upon the plaintiff in such an action. . . .

■ "In the early case of *Sohler* v. *Sohler*, 135 Cal. 323, 326 [67 P. 282, 87 Am.St.Rep. 98], extrinsic fraud was said to consist 'in the failure to give legal notice to the adversary, the prevention of him or his witnesses from attending the trial, and the like.' In *Caldwell* v. *Taylor, supra,* where the entire subject was exhaustively considered, the court said: 'The main requirement to establish extrinsic fraud is that the unsuccessful party was prevented by his adversary from presenting *all* of his case to the court. One of the examples given is that of a party who is prevented from appearing in court.' . . .

"However, it is difficult to see how fraud could be practiced more directly upon one entitled to present his rights to a court than by keeping him in ignorance of the proceedings. It is true that in most cases of extrinsic fraud the defendant has said something directly to the person whose rights were involved amounting to representations that it was not necessary for such person to take any part in the proceedings. In other cases, acts have been held to amount to such representations. But the rule allowing the maintenance of an action in equity for extrinsic fraud should not be limited so strictly as to require as a basis evidence of representations made directly to the one defrauded.

"In this case notice of the hearing of Schaffer's petitions was required to be served upon the heirs of the testator either personally or by mail. . . . Schaffer as the proponent of the will in the first instance and as the duly qualified and appointed executor thereof after it was admitted to probate, was charged

with the utmost good faith to the heirs of the deceased and to the court. It was his duty to see that notice of the proceedings was given to those whom he knew to be heirs of Mrs. Potter. The same situation was considered in the case of *Zaremba* v. *Woods*, 17 Cal.App.2d 309 [61 P.2d 976]. There the executor of a will also presented a petition stating that the deceased left no heirs. It was claimed, as it is here, that his representation amounted to intrinsic but not extrinsic fraud. But the court held that the allegation constituted extrinsic fraud, saying: 'There is a clear line of demarcation, however, between a statement made in the petition for the probate of the will which would limit the giving of notices to heirs, and testimony in court to the effect that there were no such heirs, after the heirs had been notified of the proceeding for the probate of the will, as provided by the different sections of the Probate Code.'

"Whatever may have been the motive of Schaffer, whether it was induced by the agreement which the court found he made with Mrs. Potter's son, or by some other reason, his acts in suppressing all information concerning respondent and representing Thomas Purinton to be the only son of the deceased, amounts to fraud practiced directly against the respondent. They furnish abundant foundation for a judgment holding him to have been a trustee for the property which should have been distributed to the respondent but which he wrongfully received." (See *Estate of Charters*, 46 Cal.2d 227 [293 P.2d 778]; *Craney* v. *Low*, 46 Cal.2d 757 [298 P.2d 860]; *Bennett* v. *Hibernia Bank, supra*, 47 Cal.2d 540; *Van Strien* v. *Jones*, 46 Cal.2d 705, 706 [229 P.2d 1].) It should be observed that plaintiff's equitable attack on the order setting aside the estate is a direct rather than a collateral one. (*Bennett* v. *Hibernia Bank, supra*, 47 Cal.2d 540, 558.) And, "Such an attack may be made upon the ground of extrinsic fraud *where it appears that there was a willful failure to give the required service* or that willfully false affidavits of service were filed. . . . A direct attack has also been allowed in an independent action in equity where there has been a failure to exercise the degree of diligence required by law in connection with personal service [citations], where false recitals of service were the result of fraud, negligence, or mistake [citation], and where failure to name a person as a party was the result of mistake [citation]. These cases are in accord with the general principles followed in recent decisions of this court holding that extrinsic mistake may

be a ground for vacation of a judgment by an independent action in equity where there has been no fair adversary trial. (*Olivera* v. *Grace,* 19 Cal.2d 570, 578 [122 P.2d 564, 140 A.L.R. 1328]; *Hallett* v. *Slaughter,* 22 Cal.2d 552, 557 [140 P.2d 3].) The allegations are sufficient to bring the case within these principles. Hibernia knew of Curtin's membership, of his death leaving successors, and of Mary's address. Also, as we have seen, the complaint is sufficient to show that Hibernia either knew or, in the exercise of reasonable diligence, could have discovered that Mary was Curtin's successor.'' (Emphasis added; *Bennett* v. *Hibernia Bank, supra,* 47 Cal.2d 540.)

■ The other matters urged by defendants involve problems of clarification of the amended complaint and might have been raised on special demurrer but here we have a judgment on the pleadings which is the same as a judgment after sustaining a general demurrer. (*Beverage* v. *Canton Placer Mining Co., supra,* 43 Cal.2d 769; *Dragna* v. *White, supra,* 45 Cal.2d 469.)

■ There is some question as to the prayer of the complaint and its title which indicate a partition proceeding but the prayer does not destroy an otherwise sufficiently stated cause of action. (See *Singleton* v. *Perry,* 45 Cal.2d 489 [289 P.2d 794]; *Babbitt* v. *Babbitt,* 44 Cal.2d 289 [282 P.2d 1].)

Moreover, it would appear plaintiff should have been permitted to amend her complaint. After argument on defendants' motion for judgment on the pleadings the following transpired:

''The Court: Well, Counsel, I think if you are able to prove the allegations alleged in the Complaint, you have a cause of action, but I don't think this is it..

''The motion for judgment on the pleadings is granted.

''Mr. Tobin [defendants' counsel]: Thank you, Your Honor.

''Mr. Clifford [plaintiff's counsel]: Is that with leave to amend, Your Honor?

''The Court: I don't see how you can amend.

''Mr. Clifford: I think we can, Your Honor.

''The Court: How do you propose to amend?

''Mr. Clifford: I propose to amend, Your Honor, by showing that if Your Honor was apparently impressed by the other case, that another result would be achieved had the decree not been made in San Francisco, and I can show, Your Honor, that—as a matter of fact, the other case was com-

pletely demonstrative of the proof that we have in this case that a cause of action has been stated; that this was extrinsic fraud.

"THE COURT: I think you may have another cause of action entirely.

"MR. TOBIN: I'd like to say, Your Honor, in that connection—

"MR. CLIFFORD: The motion is granted, then, without leave to amend?

"THE COURT: Right.

"MR. TOBIN: Thank you."

 While a more clearcut request for amendment could have been made, assuming one was necessary, we think it was sufficient and clearly there is a reasonable possibility (*Lemoge Electric* v. *County of San Mateo,* 46 Cal.2d 659 [297 P.2d 638]) that matters going to the claimed failure to state a cause of action could have been cured by amendment. The statement in *Beverage* v. *Canton Placer Mining Co.,* 43 Cal.2d 769, 778 [278 P.2d 694], is pertinent: "The facts stated in the pleadings indicate that plaintiffs may have a good cause of action but that it has been defectively or imperfectly pleaded. Defendants did not call attention to these claimed defects either by demurrer or by duly noticed motion for judgment on the pleadings, although they had long known the condition of the pleadings preceding the trial. Under such conditions the trial court should not have granted the surprise motion, which attacked the pleadings for the first time at the time of trial, without first giving plaintiffs an opportunity to elect whether they would stand on their pleadings or amend them. [Citation.] Defendants' failure to give plaintiffs notice of their intention to attack the pleadings prior to the trial also excuses the failure of plaintiffs to go to the trial armed with formal amendments to offer to the court in the event that the pleadings are unexpectedly attacked. (*MacIsaac* v. *Pozzo, supra* [26 Cal.2d 809 (161 P.2d 449)].) . . . In addition there is some justification for the failure of plaintiffs to formally move to amend. Defendants constantly took the position that the pleadings could not be amended to state a cause of action. The trial court adopted defendants' view and repeatedly stated that the complaint could not be so amended. Faced with this attitude plaintiffs apparently were convinced, and were justified in assuming, that a formal offer to amend would have been futile." Furthermore, the policy of section

472c of the Code of Civil Procedure[6] should, by analogy, be applied.

The order vacating the judgment and granting a new trial is affirmed. Since this leaves no judgment standing in the case, the appeal therefrom is dismissed.

Gibson, C. J., Shenk, J., Traynor, J., Spence, J., and McComb, J., concurred.

SCHAUER, J., Concurring and Dissenting.—I concur in the judgment, and am in general accord with the opinion of Mr. Justice Carter except insofar as it holds that plaintiff's first amended complaint in its present form states a cause of action for extrinsic fraud. In my view, even the most liberal construction of the allegations relating to fraud which appear in plaintiff's first amended complaint does not render those allegations sufficient to state a cause of action based on extrinsic fraud.

The first amended complaint alleges, in material part, as follows: "Plaintiff is informed and believes and therefore alleges that said Berdella Marie McMinn on or about the 15th day of October, 1951, fraudulently procured a decree purportedly assigning the whole estate of Thomas J. Simmonds deceased, to the surviving widow, the defendant Anna Simmonds; that in order to obtain said decree said defendant Berdella Marie McMinn fraudulently and with intent to deceive said Court and to obtain a greater interest in the real property hereinabove described, represented to the Court that notice had been given in all respects as required by Section 1200 of the Probate Code during which time said defendant well knew that notice had not been given to plaintiff pursuant to her request as hereinabove alleged. Said defendant further fraudulently and with intent to deceive the said Court represented that the value of said estate did not exceed $2,500 at the time of decedent's death; that defendant Anna Simmonds, the widow of said decedent, did not possess other estate in excess of $5,000 in value; and that the entire estate, including the real property hereinabove described, consisted of community property; that at the time of making said fraudu-

---

[6] "When any court makes an order sustaining a demurrer without leave to amend the question as to whether or not such court abused its discretion in making such an order is open on appeal even though no request to amend such pleading was made; provided, however, that this section shall not apply to any pending action or proceeding." (Code Civ. Proc., § 472c.)

lent representations, defendant well knew that said real property was not community property but the separate property of the decedent, and defendant Anna Simmonds possessed property having a value in excess of $7,500.''

The extrinsic fraud complained of is the alleged failure of the administratrix McMinn to notify plaintiff of the pending proceeding to set aside the entire estate of the decedent to his surviving widow. Any fraud in the representations of the administratrix as to the value and character of the property involved is intrinsic, and does not affect the alleged denial to plaintiff of her day in court. (See *Stiebel* v. *Roberts* (1941), 42 Cal.App.2d 434, 438-439 [3] [109 P.2d 22].) Thus only the first sentence of the above quoted allegation is pertinent to the inquiry of whether the complaint states a cause of action grounded on extrinsic fraud.

The first segment of the allegation under consideration states on information and belief the general proposition that the decree assigning the entire estate to the surviving widow was fraudulently procured. The remaining clauses of that sentence purport to state the manner in which such fraud was practiced, viz., by a representation by defendant McMinn to the court that the required statutory notice had been given, at a time when McMinn knew that such notice had in fact not been given. If plaintiff knew positively the facts which constituted the alleged fraud, then there would be no need to allege on information and belief that such fraud had been committed; conversely, if plaintiff alleges on information and belief that fraud has been perpetrated, then it must follow that succeeding allegations as to the basis of the fraud are also made on information and belief. While it is true that the mere fact that a paragraph of a complaint commences with an allegation on information and belief does not necessarily require the conclusion that the entire paragraph is so based, in the sentence here under consideration an interpretation that the information and belief basis applies only to the first clause of the sentence and not to the succeeding amplifying clauses is neither reasonable nor proper. Certainly if the pleader were on trial for perjury in her averments—and the manifest objective of requiring verified pleadings is the truthful definition of the real issues of fact on pain of perjury—all of the quoted allegations would be construed to be only on information and belief.

It is not questioned that the acts attributed to the administratrix on the information and belief basis, if proven, would

constitute extrinsic fraud which could properly form the basis for granting relief to plaintiff. But the complaint in its present form fails to present the issue of extrinsic fraud to the trier of fact. "[I]t is not sufficient to allege fraud or its elements upon information and belief, unless the facts upon which the belief is founded are stated in the pleading." (*Dowling* v. *Spring Valley Water Co.* (1917), 174 Cal. 218, 221 [162 P. 894]; *Findley* v. *Garrett* (1952), 109 Cal.App. 2d 166, 176-177 [3] [240 P.2d 421].) No facts are stated in the present complaint on which a belief might properly be based that the administratrix knew that the required notice had not been given at the time when she represented that it had been given. While it is true that "there must be cases in which the knowledge of the fraud by its perpetrator must be charged on information and belief, . . . [still] in such cases there *must* be allegations of facts which show positively or by reasonable inference that such knowledge *must* have been possessed by the person accused of the fraud." (*Dowling* v. *Spring Valley Water Co.* (1917), *supra,* 174 Cal. 218, 221; italics added.) The allegations relative to extrinsic fraud in their present form without more cannot be considered sufficient allegations of the charges made. (*Mason* v. *San-Val Oil & Water Co., Ltd.* (1934), 1 Cal.2d 670, 672 [2] [36 P.2d 616].)

From the foregoing discussion it seems clear that the trial court was justified in holding that the complaint here did not state a cause of action. However, since, conceivably, plaintiff could have alleged facts constituting a basis of information and belief on which the conclusional fact of fraud could rest, or could have stated the allegations of fraud in positive terms,[1] leave to amend the complaint should have been granted.

The petition of defendants and appellants for a rehearing was denied October 17, 1957.

---

[1]In the order of the trial court granting the motion for new trial, plaintiff was also granted permission to file an amended complaint. In this amended complaint the allegations as to fraud are stated positively.